Hemphill, C. J.
The plaintiffs in error were defendants in the court below, and the question raised is, ydiether when a cause is brought up on a writ of error without probable good and sufficient reason, damages can, as on frivolous appeals, be assessed for the use and benefit of the plaintiff in the court below.
We ea,n see no reason for making the distinction contended for between appeals and writs of error.
The process for the removal of causes from the district to the supreme court-was for several years known only by the name of appeal, and was as remarkable for its simplicity as for its pervasive energy; embracing in its remedial power all judgments or decrees which could be the subjects of revision. It was without formalities or onerous restrictions. The dissatisfied party, in order to insure his recourse to the appellate authority, was required only to give notice in open court, of his intention to that effect, and this being accompanied with a proper bond suspended the action of the lower cour,t, and devolved the cause on the superior jurisdiction.
By the statutes of 1841, under which the writ was sued out, the appellate remedy was still further enlarged not by extending it to any judgments on which it had been previously inoperative; but modifying the time and modes of removal. Under these statutes the transmission of the cause to the supreme court could be effected; by notice given as formerly in open court or by application to the clerk, at any time within twelve months and citation to the adverse party; or by obtaining within two years an order from the chief justice or a district judge, on which a writ was issued, directing the transcript of the record to be sent up to the supreme court. The two former modes w'ere denominated appeals; the latter a writ of error; but they extended alike and equally to all judgments, and by either of the modes, the proceedings in any cause whatever which were revisable could be sent up for review and correction. Where the appeal or writ of error is not taken before the rising of the court, it is not probable that a statement of facts would be embraced in the record, but when included and properly authenticated, they are subject to the cognizance of the *(315) supreme court in the same mode and to the same extent as if transmitted on an appeal taken in open court, at the rendition of the judgment.
It is thus apparent that all the modes are similar in their character and nature, and co-extensive in their objects and substantial qualities, and when either of them is resorted to without solid grounds, the penal consequences should extend alike to all, unless such a construction be subversive of not only the letter, but the spirit and intention of the law.
Damages are authorized as a compensation for injuries sustained from the delay of rights, sanctioned by a judicial decision, in which there appear no probable grounds of error or misconception-, and the legislature could not have intended, by the extension of the modes and the time of seeking redress from the supreme court, to have made the infliction of these damages dependent on the particular mode of application for relief, or to have drawn a comparative distinction between a frivolous writ of error, and an appeal of a similar character. This would be an unreasonable construction of the statutory provisions on the subject, and is not to be adopted when they are susceptible of a more just and satisfactory exposition.
It is ordered, adjudged and decreed, that the judgment of the court below be affirmed, and that ten per cent, be assessed as damages on the amount of the judgment, besides interest and cost of suit.