### MATTHEW WOOD v. GEORGE AND BURK YARBROUGH.

1. PARTIES—PRACTICE IN SUPREME COURT.—A writ of error will only issue at the instance of a party to the suit, or of one whose privity of estate, title, or interest appears from the record in the court below, or who may be the legal representative of such party.
2. Smith *v.* Gerlach, 2 Tex., 424, approved.
3. SUPREME COURT — JURISDICTION.—The jurisdiction of a Supreme Court cannot be extended to the determination of matters of fact upon which the rights of the parties and not the power or ability of of the court to exercise its appellate jurisdiction may depend.

ERROR from Smith. Tried below before the Hon. Z. Norton.

November 2, 1861, George Yarbrough instituted suit by attachment against Hugh Yarbrough, a non-resident. The attachment was levied on a tract of land on November 2, 1861, and on same day the sheriff levied on same tract two executions issuing from a justice's court.

Under these executions the sheriff made sale of the land on December 4, 1861, at which sale M. Wood was the purchaser, at $1,963. On that day Wood executed an obliga-

tion to the plaintiff in attachment, George Yarbrough, to pay to his order the balance of said sum, (bid by him, $1,963,) with ten per cent. interest, " after paying all legal debts or judgments against Hugh Yarbrough for which his land was sold."

On January 19, 1866, judgment was rendered on the attachment suit for $858.95 and costs.

September 20, 1870, one Burk Yarbrough filed a motion setting out the facts appearing in the record, the attachment, levy, service by publication, the judgment final by default, that "the clerk of the District Court failed to enter the same correctly upon the minutes of the said court, but entered the same informally;" that on 25th January, 1867, the plaintiff, for value, transferred the judgment to said Burk Yarbrough, and asking, upon notice by publication, that the judgment be amended, &c.

Publication was made of the notice, and March 31, 1870, judgment *nunc pro tunc* was entered for $858.95 and costs, with an order of sale directing the sale of the land upon which the attachment was levied.

March 15, 1873, M. Wood filed his petition for writ of error, setting out a history of the case, of his purchase of the land, his payment of certain debts of the defendant, which were to be allowed and were justly credits; his interest in the land; fraudulent combination between George and Burk Yarbrough; that the correction of the judgment so as to order the sale of the land affected his interests and was made without notice to him, and other equitable defenses to the original judgment as against the land ordered to be sold.

Appellees, George and Burk Yarbrough, moved to dismiss the writ of error—

(1,) Because the plaintiff in error was not a party to the suit below, nor in privity with any party thereto, nor affected by the judgment sought to be revised; (2,) because the writ was not sued out within two years from the date

of the judgment; and (3,) for want of assignment of errors.

 *F. M. Hays*, for plaintiff in error.

*John L. Henry* and *Stephen Reaves*, for defendants in error.

Moore, Associate Justice.—The writ of error in this case is certainly without precedent, and has not the slightest foundation either on principle or authority for its support.

Wood, at whose instance the writ of error was issued and in whose name it is prosecuted, was not a party to or the representative of either of the parties to the suit which he seeks to bring to this court by the writ. And so far as can be seen from the transcript of the record returned with the writ, he has no interest therein or privity with the parties thereto. It was decided by this court, as long ago as the case of Smith *v.* Gerlach, 2 Tex., 424, and has never been since questioned, "that this writ can only issue at the instance of a party to the suit, or of one whose privity of estate, title. or interest appears from the record of the cause in the court below, or who may be the legal representative of such party." The rule thus announced is, indeed, an elementary principle, which has come down to us from the earliest days of the common law. (Townsend *v.* Davis, 1 Kelly, 495; Clayton *v.* Beedle, 1 Barb., 11; Watson *v.* Willard, 9 Penn. St., 89; Green *v.* Watkins, 6 Wheat., 260; Tidd's Prac., 1134, *et seq.;* 3 Bac. Abr., 330.)

If the facts alleged in the petition for the writ of error, upon which Wood relies to show his right to prosecute the writ, and to be relieved by the reversal of the judgment, entitle him to relief, most certainly he must seek his relief in a court of original jurisdiction. None of these facts are shown by the record, and none of them belong in any

manner to it. They may be denied by the opposite parties. If so, they unquestionably would be entitled to a trial upon them before a jury. For this court to consider or pass upon the matters alleged in the petition would be in plain violation of the Constitution, by which, in respect to rights such as here presented, it is unquestionably restricted to "appellate jurisdiction only." (Const., Art. V, sec. 3.) Certainly by no rule of interpretation, however liberal, can the last clause of this section of the Constitution, giving to this court "power to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction," be so tortured as to authorize it to take original jurisdiction and determine controverted matters of fact, upon which the rights of the parties and not the power or ability of the court to exercise its appellate jurisdiction may depend.

The motion to dismiss the writ of error is sustained.

DISMISSED.