MOBIL EXPLORATION & PRODUCING U.S. INC., Appellant,

v.

W.R. McDONALD and Vivian C. Burch, Appellees.

No. 09–90–019 CV.

Court of Appeals of Texas, Beaumont.

June 20, 1991.

Rehearing Denied July 8, 1991.

Susan G. Wright Holtz & Wright, Houston, for appellant.

H.A. Coe, Jr., Kountze, Joe G. Roady, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

Mobil Exploration & Producing U.S. Inc. ("Mobil") seeks review by writ of error from a declaratory judgment suit between W.R. McDonald and Vivian C. Burch. The original suit was entitled "Choice M. Thompson and Syble Day Thompson v. Mobil Producing Texas & New Mexico, Inc., Union Texas Petroleum Corp., J.M. Huber Corporation, et al." W.R. McDonald filed an intervention in which he claimed an interest in 33.5 acres which were also claimed by Vivian C. Burch, a named defendant. This intervention was severed from the original suit. McDonald filed a petition for declaratory judgment that he owns fee simple title to a 33.5 acre tract out of the R.B. Irvine Survey, Tract 33, Hardin County, Texas, and a proportionate interest in monies on deposit in the Registry of the court and in production from the Choice M. Thompson Unit No. 1.

The case was tried to the court. McDonald claimed title to the land through a 1985 deed from Gemilla Hughes, the surviving widow of Vernell Hughes. Burch claimed title through a 1948 deed from Vernell Hughes and wife, Ida Mae Hughes, to Thomas B. Burch. Thomas Burch was Vivian Burch's husband, since deceased. The judgment entered July 17, 1989 declares (1) that the 1948 deed from Vernell Hughes to Burch conveyed an undivided 18.5 acres out of a tract owned by the grantors in the R.B. Irvine Survey, A–33, Hardin County, Texas, and being Tract No. 6 partitioned to Vernell Hughes in a partition instrument recorded in Volume 325, page 388 of the deed records of Hardin County, Texas ("the Partitioned Tract"); (2) that the effect of the 1985 deed from Gemilla Hughes to McDonald was to convey whatever interest Gemilla Hughes had in the Partitioned Tract; and (3) that the interest of Vivian Burch to the Partitioned Tract is an undivided interest in 18.5 acres and the interest of McDonald is measured by calculating one-half of the difference between 18.5 acres and the total number of acres in the Partitioned Tract (called to be 33.5 acres).

On January 16, 1990, within six months of the date of judgment, Mobil filed a petition for writ of error. Mobil avers it is the lessee under an oil, gas and mineral lease covering the 33.5 acre tract in dispute. The petition alleges Mobil has at all times relevant to the suit "possessed a privity of estate, title or interest" with Vivian Burch, its Lessor. Mobil further claims the judgment had the effect of divesting it of its fee simple determinable interest in the minerals.

By point of error one Mobil contends it has standing to seek review of the declaratory judgment. McDonald has filed a motion to dismiss the appeal on the grounds that Mobil lacks standing to appeal by writ of error.

■ The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643 (Tex.1985). *See* TEX.R.APP.P. 45.

■ Mobil was not a named party to the suit. As a general rule, appeal by writ of error is available only to parties of record. *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965). Mobil contends it is entitled to pursue the writ because it holds privity of estate with Vivian Burch. Writ of error may only issue "at the instance of a party to the suit, or of one whose privity of estate, title or interest appears from the record of the cause in the court below, or who may be the legal representative of such party." *Smith v. Gerlach*, 2 Tex. 424 (1847).

Privity has been found in appeals by writ of error in three types of cases: (1) class actions, *Robertson v. Blackwell Zinc Co., Inc.*, 390 S.W.2d 472 (Tex.1965); (2) will contests, *Specia v. Specia*, 292 S.W.2d 818 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.); and (3) suits where the parties come under the doctrine of virtual representation, *Hubbard v. Lagow*, 567 S.W.2d 489 (Tex.1978), *California & Hawaiian Sugar Co. v. Bunge Corp.*, 593 S.W.2d 739

(Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

The rationale for the doctrine of virtual representation is best expressed in *Grohn v. Marquardt*, 487 S.W.2d 214 (Tex.Civ. App.—San Antonio 1972, writ ref'd n.r.e.):

It appears that the cases in which a non-party was allowed to appeal rest upon the doctrine of representation. This doctrine reflects the efforts of courts to strike a balance between two competing aims of our system of justice. On the one hand, we have the fundamental notion that the owner of an interest in property is not bound by a judicial determination concerning that property which is made in a proceeding to which such owner is not a party. But there is another important consideration which runs counter to the general desirability of holding that an individual who is not a party to a judicial proceeding is unaffected by the judgment entered in that case. It is important to the administration of justice that certain controversies be settled without delay.

. . . .

It is clear that, in any case in which the doctrine of representation is held to be applicable, the "represented" individual is bound by a judgment rendered in a case to which he is not a party. When a non-party is allowed to challenge a judgment, the decision to allow him the right to appeal is grounded on the fact that, because of the doctrine of representation, he is bound by the judgment.

487 S.W.2d at 216–17.

■ In order to demonstrate standing, Mobil must show it would be bound as a privy to the judgment. In cases applying the various rules of res judicata, privity is generally defined as a mutual or successive relationship to the same rights in property; "that is to say, all persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action." *Kirby Lumber Corp. v. Southern*

*Lumber Co.,* 145 Tex. 151, 196 S.W.2d 387, 388 (1946). A privy is one so connected in law with a party to the judgment as to have such an identity of interests that the party to the judgment represented the same legal right. *Benson v. Wanda Petroleum,* 468 S.W.2d 361 (Tex.1971). They include (1) those who control an action although not a party to it; (2) those whose interests are represented by a party to the action; and (3) successors in interest. *Id.* at 363.

■ Appellant states without objection that Mobil obtained an oil, gas and mineral lease from Vivian Burch before the date McDonald filed suit. An oil, gas, and mineral lease conveys a fee simple determinable interest in real property. *Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522 (Tex.1982); *W.T. Waggoner Estate v. Sigler Oil Co.,* 118 Tex. 509, 19 S.W.2d 27 (1929). Thus, we consider Mobil was an owner of record of an interest in real estate at the time the suit was filed. Mobil does not contend that it controlled the original litigation; in fact, it disavows any knowledge of the intervention. Mobil is not a purchaser pendente lite, but obtained its mineral lease before the suit commenced, and thus was not a successor in interest. Burch did not represent Mobil's interest in the suit because the connection between the parties, the mineral lease, was executed before suit commenced. *See Gray v. Joyce,* 485 S.W.2d 311 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.).

The declaratory judgment statute does not compel a different result. All persons who have any interest that would be affected by the declaration shall be made parties to a declaratory judgment action. A declaration does not prejudice the rights of a person not a party to the proceeding. TEX. CIV.PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1986).

■ We find that Mobil has not satisfied the second requirement for review by writ of error. We also find that Mobil has not

satisfied the fourth requirement for review, that there be error apparent from the face of the record. The record available for review on appeal by writ of error consists of the judgment and those papers filed in the appellate transcript, but does not include any written or oral evidence.[1] Writ of error practice requires the invalidity of the judgment to be shown from the papers on file in the case. *Comisky v. Comisky,* 597 S.W.2d 6 (Tex.Civ.App.— Beaumont 1980, no writ); *Eagle Life Insurance Co. v. George,* 473 S.W.2d 311 (Tex.Civ.App.—Beaumont 1971, writ ref'd). Mobil does not contend that the judgment is not in conformity with the findings of fact, but rather complains that the trial court's findings of fact and conclusions of law do not conform to the evidence presented in this proceeding. Even if true, such is not "error apparent of the face of the record."

We hold Mobil has not demonstrated standing to pursue a writ of error in this cause. The appeal by writ of error is dismissed.

WRIT DISMISSED.

BROOKSHIRE, Justice, dissenting.

With respect this dissenting opinion is filed. The Court's opinion concedes that McDonald filed a petition for declaratory judgment wherein he asserts that he is the owner of a fee simple title to 33.5 acres of land out of the R.B. Irvine Survey, Abstract 33 in Hardin County and as such, McDonald owns in addition a certain proportionate interest in monies on deposit in the registry of the court and also in continuing production from a well described as the Choice M. Thompson Unit No. 1 well.

Mrs. Burch claimed title through a 1948 deed from Vernell Hughes and Ida Mae, his first wife. The judgment below was entered July 17, 1989. That judgment declares that the 1948 deed from Vernell Hughes and Ida Mae to Thomas Burch conveyed an *undivided 18.5 acres* out of a

---

1. The supreme court so ruled in *DSC Finance Corp. v. Moffitt,* 34 Tex.Sup.Ct.J. 69, 1990 WL 160384 (November 3, 1990). On April 17, 1991, the supreme court granted rehearing and withdrew its opinion. Therefore, we do cite that case as authority. Nevertheless, this court believes the rule here stated is sound and correct and adopt it as our own.

tract owned by the grantors therein in the Irvine Survey, Abstract 33, Hardin County, being also described *as Tract No. 6 partitioned to Vernell Hughes* in a certain partition instrument recorded in the deed records.

That judgment also adjudicated the legal effect of a 1985 deed from a Gemilla Lillian Hughes (Vernell Hughes' second wife) to Appellee McDonald. This 1985 deed conveyed whatever interest Gemilla Hughes had in the said partitioned Tract No. 6. The judgment declared that the interest of Vivian Burch to the partitioned tract was an *undivided interest in 18.5 acres* and the interest of McDonald was declared to be one-half of the difference between 18.5 acres and the total number of acres in Partitioned Tract 6, said to be 33.5 acres. This one-half amounted to 7.5 acres purportedly awarded to McDonald.

The Court dismissed the writ of error, as I perceive it, on two grounds. The Court found that Mobil Exploration had not satisfied the so-called second requirement for review by petition for writ of error practice, that is, Mobil Exploration was not a party to the suit. The Exploration Company was not a party. But I opine that Mobil Exploration was under this record a necessary, if not an indispensable, party. Secondly, the Court found that Mobil had not satisfied the fourth requirement for the writ of error practice. The Court has held that there was *no error apparent on the face of the record.* But the said judgment had the result of reducing Vivian C. Burch's title in the 33.5 acre partitioned tract *by at least 7.5 acres or as much as 15 acres.* Mobil Exploration was a prior, recorded lessee of an oil, gas and mineral lease that was executed by Vivian Burch, the widow of Thomas Burch. Thomas Burch was the grantee in the 1948 deed from Vernell and Ida Mae Hughes. There was and apparently is production on the well unit, and royalties were being paid. These royalties had been paid by Mobil Exploration to Vivian Burch. Hence, the said judgment, if same became final, valid and binding, would seriously attempt to divest Mobil Exploration of a portion of its vested rights and titles under the oil, gas

and mineral lease. Said judgment would then attempt to deprive Mobil Exploration of its mineral interests and fee simple determinable mineral interest and title in at least an undivided 7.5 acres out of the larger tract.

Hence, Mobil Exploration has taken the correct position that the judgment rendered is erroneous and invalid as the record affirmatively shows. Mobil Exploration *seeks a revision and correction of the declaratory judgment.  See and compare Gunn v. Cavanaugh,* 391 S.W.2d 723 (Tex. 1965); *Jernigan v. Jernigan,* 677 S.W.2d 137 (Tex.App.—Dallas 1984, no writ).

The litigation below involved an action for declaratory judgment between McDonald and Burch to determine the title in and to the partitioned Tract No. 6. The partition was by partition deed dated in 1941 and recorded February 23, 1956, the Tract No. 6 being 33.5 acres of land, as shown by the face of the record and by the dimensions of its boundaries. Undoubtedly and unquestionably Mobil Exploration obtained an oil, gas and mineral lease from Vivian C. Burch on January 25, 1985, covering the entire 33.5 acres of land. This lease was properly and timely recorded. McDonald knew of this lease; and he introduced it into evidence. The *mineral lease by its own terms* conveyed to the lessee a fee simple determinable mineral interest and title in the minerals in and under the said 33.5 acre tract. Production at time of trial had not ceased. *See and compare Gulf Oil Corporation v. Reid,* 161 Tex. 51, 337 S.W.2d 267 (Tex.1960). The said lease was properly pooled with other leases to form a unit for a well by proper designation. The designation of the unit had been timely filed of record. McDonald knew of this designation and he introduced it into evidence. McDonald sought to recover his pleaded-for interest in the proceeds from the sales of the minerals and hydrocarbons produced from the Choice Thompson Unit Well No. 1 which unit included the said tract and land in question being within the boundaries of that unit. McDonald had ample knowledge of these matters.

Mrs. Burch filed an answer. Mobil Exploration was not given a citation and did not appear below at trial. Mobil Exploration received no notice nor a copy of McDonald's intervention. Mrs. Burch claimed the entire 33.5 acre Tract No. 6, denying that McDonald owned any interest therein. Mrs. Burch took the position that Vernell Hughes and wife, Ida Mae Hughes (among others), had conveyed Tract No. 6 to her husband, Thomas B. Burch, with a sole reservation of only a 1/128th royalty interest. She alleged and proved she acquired the title to Tract No. 6 as the surviving wife and devisee of Thomas B. Burch, deceased, whose will was probated in Hardin County.

Mobil's lease covered an entire 33.5 acre tract. Further, Mobil Exploration had a privity of estate with Mrs. Burch in the whole of the said 33.5 acre tract. Mobil Exploration had standing also because of the fact that Burch was divested of her claim for fee simple title in and to *at least 7.5 acres* out of the said 33.5 acre tract. The trial court's action attempted to diminish Mobil's fee simple determinable title.

The petition for writ of error was filed within six months of the judgment. Although Mobil Exploration was not a named or served party to this litigation, it correctly claims the right to seek review by way of writ of error because of privity of estate with a named defendant, Mrs. Burch. Mobil had been kept "in the dark" concerning the case. But Mrs. Burch in actuality did not protect Mobil's interest. Mobil Exploration's title and interest in the pertinent tract of land in dispute (Tract No. 6) not only appears from the public records of Hardin County, but also from the record of the cause below. Furthermore, the production is obvious and visible on the ground and in place and the unit well was producing commercial quantities of hydrocarbons. The well and its accompanying installations could be seen above the ground. The map of Tract No. 6 contains definite boundaries and specific dimensions. This map was prepared by the official surveyor of Hardin County.

Mobil Exploration can avail itself of its sought-after relief because it was a legal entity which possessed privity of estate, title and interest, with Mrs. Burch and this privity appears from the record of the proceedings in the court below, appearing as well from the face of the record. *See Smith and Janes v. Gerlach and Levenhagen*, 2 Tex. 424 (1847). *See and compare also Wood v. Yarbrough*, 41 Tex. 540 (1874); *Hubbard v. Lagow*, 567 S.W.2d 489 (Tex.1978). Hence, I would hold that the second requirement as referred to in the Court's majority opinion was met and satisfied.

Furthermore, it is my conclusion that Mobil Exploration also satisfied the fourth requirement in that the error was in the record and apparent from the face of the record.

Moreover, the failure to provide Mobil Exploration with the notice of the filing of his intervention, in my view, constitutes error which is definitely apparent on the face of this record. This error is in the transcript. McDonald initiated this declaratory action against Vivian C. Burch. But McDonald's cause of action *was an intervention in another, prior lawsuit styled Choice M. Thompson and Syble Day Thompson v. Mobil Producing Texas & New Mexico, Inc., et al, being Cause No. 27498 in the 88th Judicial District Court of Hardin County*. As the very style of the case reveals, Mobil was clearly a named party in the action into which McDonald intervened. Mobil Exploration & Producing U.S. Inc. is the successor corporation to Mobil Producing Texas & New Mexico Inc.

When McDonald filed his intervention in the middle of May 1986, hence, as I interpret the applicable Tex.R.Civ.P. 60, McDonald was required to notify the opposite parties and/or the opposite parties' attorneys of record of the filing of such a pleading within five days. Appellee McDonald was *required to deliver a copy of his pleadings to all the parties or to all their attorneys of record in the cause of action in which McDonald had filed his intervention*. McDonald failed to do so. Rule 72 has special importance and relevance. Tex.R.Civ.P. 72, in effect on May 15, 1986, read as follows:

Whenever any party files, or asks leave to file any pleading, plea, or motion of any character which is not by law or by these rules required to be served upon the adverse party, he shall at the same time either deliver or mail to all parties or their attorneys of record a copy of such pleading, plea or motion. The attorney or authorized representative of such attorney, shall certify to the court on the filed pleading in writing over his personal signature, that he has complied with the provisions of this rule. If there is more than one adverse party and the adverse parties are represented by different attorneys, one copy of such pleading shall be delivered or mailed to each attorney representing the adverse parties, but a firm of attorneys associated in the case shall count as one.

It is concluded that the incomplete certificate of service reflects clearly that only the attorneys for Choice and Syble Thompson (who were not, in fact, adverse parties) were favored with copies of the intervention and that Mrs. Vivian Burch was provided with a copy of the intervention. Mobil Exploration was sent no notice of the intervention in violation of the rules cited here. This is grave error on the face of the record and this part is in the transcript.

Hence, it is apparent from the record (and the transcript) that the failure of Appellee McDonald to comply with the appropriate Texas Rules of Civil Procedure, namely, Rules 60 and 72, denied Mobil Exploration the opportunity to be made a party to or contest the intervention. The intervention was said to be severed out. Query: Was there any severance? I think not. Hence, Mobil Exploration was denied the right to participate in the subsequent trial for purpose (and for any purpose) of defending its fee simple determinable mineral interest and title to the subject property (which was clearly described) on which there was commercial production. These are matters that are apparent on the face of the record in my opinion.

Also such failed actions by McDonald demonstrate a denial of Mobil Exploration's *right to due process which in turn results in harmful, reversible error.* Hence, in my view, this grave denial of due process initiated by Appellee and its resulting harmful error requires that the case should be (at least) reversed and remanded for a new trial in accordance with TEX.R.APP.P. 81(b)(1). Mobil Exploration received no copies of pleading or the intervention, had no opportunity to be heard, no right to counsel, inter alia. Mobil had no right to present witnesses or documentary evidence. Mobil never had its "day in court." Due process was definitely violated. *See and compare Cliff v. Huggins,* 724 S.W.2d 778 (Tex.1987); *P. Bosco, etc. v. Conley, Lott, Nichols, etc.,* 629 S.W.2d 142 (Tex. App.—Dallas 1982, writ ref'd n.r.e.).

As I read the Court's opinion, the Court acknowledged *that it is a fundamental rule that the owner of an interest in property is simply not bound by a judicial determination concerning that property which is placed in litigation and to which such property owner was not a party.* And in any case, it seems the majority opinion *affirmatively concedes* that Mobil Exploration is *not bound by the judgment.* The Court's opinion acknowledges that Mobil Exploration was and is an owner of a fee interest and fee simple determinable title in the land covered by the oil, gas and mineral lease from Mrs. Burch, lessor, to Mobil Exploration, lessee, in real estate or real property at the time the intervention was filed and that Mobil Exploration obtained and recorded its mineral lease (before the original suit was commenced and) a long time before the intervention was filed. But Mobil, I opine, is entitled to additional relief in this writ of error proceeding.

Additionally, the Court concedes that in a declaratory judgment action a declaration does not prejudice the rights of a legal entity or a person who was not a party to the proceeding and had not participated therein and had not received the appropriate, correct notice of the said intervention, having received no copies as required. Mobil Exploration received none. TEX.CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1986).

McDonald's own intervention (pleading affirmatively) demonstrated on the face of the record that Mobil Producing Texas and New Mexico, Inc., along with other parties, was already in the lawsuit. In his intervention, he actually pleaded that his interest was in the lands covered by a deed from Gemilla Hughes. Gemilla Hughes at the pertinent time owned at most a 1/256th non-participating royalty interest. Gemilla owned no mineral rights or surface rights in the 33.5 acre tract being said Tract No. 6 in the partition. Mobil Exploration & Producing U.S. Inc. is a successor corporation to Mobil Producing Texas & New Mexico, Inc. *The deed referred to from Gemilla Lillian Hughes to McDonald conveyed whatever her rights, title and interest owned by Vernell Hughes at the time of his death in 33.5 acres of land, more or less, out of the R.B. Irvine Survey, Abstract 33, Hardin County, Texas, being all of Tract No. 6 conveyed to Vernell Hughes by a deed dated February 5, 1941.* Vernell owned merely a 1/128th non-participating royal interest in the 33.5 acre tract. This same deed also conveyed the interest to Vernell Hughes by and through inheritance from his *father*, mother, *brothers and sisters*, in that certain 201-acre tract in the R.B. Irvine Survey, Abstract 33, Hardin County. It is interesting to note that this deed relied upon by McDonald specifically provided that the deed or conveyance from Gemilla was made subject to any and all present covenants, restrictions, reservations, easements, and right-of-ways reflected by the records of Hardin County.

The judgment rendered against the Exploration's lessor, Vivian C. Burch, affirmatively appears on the face of the record—it is in the transcript; it is affirmatively reversibly erroneous. Hence, the Exploration Company does have proper standing to seek a revision and correction of this erroneous declaratory judgment and the writ of error practice is appropriate. *See and compare Gunn v. Cavanaugh, supra; Jernigan v. Jernigan, supra.* The rule is well established that the remedy by writ of error is available to the parties of record and their privies in interest. Mobil Exploration was a definite privy in interest with Vivian Burch. *See Gunn, supra.* Mobil Exploration was not a named party to the suit, but had a privity of estate and title and interest with Vivian Burch and these matters (especially the oil, gas and mineral lease) appeared on the face of the record and also appeared in detail from the record of the cause in the court below. *See Smith and Janes v. Gerlach, et al, supra.* The Mobil Exploration Company had obtained an oil, gas and mineral lease from Vivian Burch on January 25, 1985, covering the entire 33.5 acre tract of land. This lease was put into evidence by the plaintiff McDonald and appears in the record. McDonald was bound by his own proffer of evidence and he was bound by all of its recitals.

This lease was entirely efficacious to convey to Mobil Exploration a fee simple determinable interest and title in the minerals in the entire 33.5-acre tract. *See Gulf Oil Corporation v. Reid, supra.*

This lease was subsequently pooled with other leases that formed the Unit for the Choice Thompson Unit No. 1. The unit designation was dated in June of 1985 and was filed for record on June 21, 1985, and when McDonald filed his pleading in intervention he actually referred to the Choice Thompson Unit No. 1. The lease from Mrs. Burch to Mobil was filed for record March 27, 1985, being a full year and several months prior to the filing of the intervention. The Unit designation itself was offered by the plaintiff McDonald into evidence.

It is glaringly clear from the statement of facts that in this so-called severed cause that only McDonald and Burch and their individual lawyers participated. It is also significant to note that the judgment (in the transcript) signed on June 17, 1986, recited, I submit, two things: that the effect of the deed dated October 2, 1948 from Vernell Hughes and wife, Ida Mae Hughes, to Thomas B. Burch was to convey to the grantee an undivided 18.5 acres out of the tract of land owned by the grantors in the R.B. Irvine Survey Abstract 33, Hardin County (but the trial court further included this); *and being Tract No. 6 partitioned*

*to Vernell Hughes* in that certain partition instrument recorded in Volume 325, page 388, of the Deed Records of Hardin County (referred to as the "Partition Tract").

The said judgment refers to the entirety of the Partition Tract No. 6. The judgment dated July 17, 1989, further decreed that the deed from Gemilla Hughes to William R. McDonald recorded in Volume 817, page 625, of the Deed Records of Hardin County conveyed only to the grantee whatever interest Gemilla had in and to the Partition Tract. Gemilla owned nothing in the 33.5 acre tract except a small, non-participating royalty interest. Next, the court decreed that Vivian Burch's interest in the Partition Tract was an undivided 18.5 acres and that the interest of McDonald in and to the Partition Tract is an undivided interest in the Partition Tract measured by *calculating one-half of the difference* between 18.5 acres and the total number of acres in the Partition Tract called to be 33.5 acres. Now, 18.5 acres subtracted from 33.5 acres leaves 15 acres only. But McDonald recovered erroneously under the judgment only one-half of the 15 acres, or, really only 7.5 acres. Necessarily then, McDonald's recovery was, even under the erroneous judgment, only 7.5 acres. For some reason, the remaining 7.5 acres was not dealt with or decreed upon by the trial judge. These errors in the judgment are apparent on the face of the record; moreover, the judgment is in the transcript.

It is interesting and significant to note that although the Appellee McDonald contends that the deed from Vernell Hughes and his first wife, Ida Mae Hughes, to Thomas B. Burch conveyed nothing (this deed was dated October 2, 1948); nevertheless, in the deed from Gemilla Hughes (the second wife) to McDonald, there is a clause whereby the instrument purports to convey all the interests owned by Vernell Hughes at the time of his death by inheritance from his father and other relatives. Hence, McDonald denies and repudiates his own alleged title. This McDonald cannot do; such action is fatal on and against his interest or title. McDonald's deed uses similar wording. This is unusual because the Appellee takes the position that there

was no such thing as the estate of Thomas J. Hughes although the same was probated in the Probate Court of Hardin County. But Vernell and Ida Mae conveyed all of their interest out of the 201 acres of land owned *at one time* by Thomas J. Hughes in the R.B. Irvine Survey, Abstract 33, Hardin County, Texas. Both the partition deed (including Tract No. 6) and the deed from Vernell and Ida Mae to Thomas Burch in 1948 were of public record and known to Appellee McDonald long before the deed from Gemilla Hughes to Appellee. McDonald was not a good-faith purchaser for value without notice. Appellee was anything but that. McDonald's own testimony from his own mouth swore to the fact that he was an expert in running land titles. He had worked for many years for Kirby Lumber Co. He is now retired from Kirby. In effect, he searched through this record to attempt to locate this alleged defect in a land title. He proceeded to attempt to "bust land titles".

It is also interesting, significant and crucial that there is contained in the record a Stipulation of Interest Agreement dated June 9, 1986, wherein it was recited that Vernell Hughes and wife, Ida Mae Hughes, conveyed to Thomas B. Burch 33.5 acres of land, more or less, out of the Robert B. Irvine Survey, Abstract 33, Hardin County, and being the same land described as Tract No. 6 (six), which was allotted to Vernell Hughes in that certain partition deed dated February 5, 1941, recorded in Volume 325, page 388, of the Deed Records of Hardin County.

It was further shown and proved that Thomas B. Burch died testate on June 6, 1977, and devised all of his interests in and to the said land (being 33.5 acres) to his wife, Vivian C. Burch. A crucial, paramount, governing instrument was signed and acknowledged by Gemilla Lillian Hughes. Gemilla stipulated that Vivian C. Burch owned 100 percent in the surface and the minerals, less and except a $\frac{1}{128}$th non-participating royalty interest which was reserved by Vernell Hughes and Ida Mae Hughes. Gemilla stipulated further that her only interest in the 33.5 acres of

land was a ¹/₂₅₆th non-participating royalty interest. McDonald took subject to Gemilla's Stipulation and Agreement. This caused the judgment to be erroneous. In this same Stipulation it was further agreed and stipulated that any payments or proceeds from the production of oil, gas or other minerals from the entire said 33.5 acre tract were to be calculated in accordance with the Stipulation of Interest Agreement. McDonald is so bound.

Appellee conceded that Vernell had, regardless of any other factor, acquired an interest in the 201 acre tract that had been owned by Thomas J. Hughes at the time of Thomas' death. Vernell obtained as a separate chain of title his interest through inheritance from his half-brothers, J.L. Hughes and E.H. Hughes. Vernell inherited Tract No. 6 in this manner. Tract No. 6 to Vernell was clearly identified by a detailed map with accurate dimensions made by F.G. Ellis, the official county surveyor of Hardin County. It was recorded in Book B of page 306, Surveyor's Records of Hardin County, Texas. It was also recorded in Volume 325 at page 390 of the records of Hardin County. This partition deed recites:

> Tract No. 6 shall be owned and held by and is hereby awarded and allotted to Vernell Hughes and all of the above named parties (excepting said Vernell Hughes) do hereby grant, sell and convey unto the said Vernell Hughes all right, title and interest into the said Tract 6 as it is set forth on the attached map.

Said Tract 6 is in the general form of a parallelogram and the longer boundaries are 1325.2 feet; the shorter boundaries are 137.7 and 140.7 feet. This partition deed was circulated for signatures beginning in 1941. Vernell Hughes realized that he owned all of Tract 6 in the partition which amounted to 33.5 acres of land. Vernell knew of his entire ownership of Tract No. 6 prior to the deed to Thomas B. Burch.

The term "estate" does not have the narrow meaning attributed it by the Appellee. The term "estate" is inclusive of all the property that an individual owns, both real estate and personal property. See BLACK'S LAW DICTIONARY 547 (6th ed.1990). A careful reading of the relevant findings of fact and conclusions of law demonstrate that although the trial court was cognizant of the well-established rule of deed construction which provides that if a deed is susceptible to two different interpretations or constructions, then the one most favorable to the grantee is the one to be adopted. Indeed, if the deed itself possibly leaves any doubt as to the grantor's intentions, then the deed will be construed and interpreted as to convey the greatest estate that any of the terms of the instruments will permit. But the trial court declined to follow this well-established rule after recognizing the same. This error is in the transcript and is also apparent on the face of the record.

Furthermore, the trial court stated as its only reason for failing to follow this long established principle of construction was that grantee, Thomas Burch, was an attorney. However, in the entire statement of facts comprised of 182 pages *I find no evidence or testimony* to that effect. There is one reference in a dialogue with the court by one of the trial attorneys that Mr. Burch was an attorney; but that is not in the testimonial part of the statement of facts and *there is no evidence to that effect.*

Furthermore, there was another conclusion of law that the grantee Burch obviously drew the instrument. There is no evidence to demonstrate this conclusion. When there is no evidence of a testimonial or evidentiary nature to show that the grantee Burch was an attorney or that he drew the instrument, I submit that the trial judge cannot take judicial notice. These errors are on the face of the record and also are contained in the transcript. Hence, I submit on the face of the record and in the transcript reversible error is proved and was committed below. *See Hancock v. Butler,* 21 Tex. 804 (1858).

Every part of the deed should be harmonized and given effect to. By the time that Vernell and his wife Ida Mae conveyed to Tom Burch, Vernell knew that he had

inherited 33.5 acres in the tract in question. The exception that the trial court set out in its conclusions of law to defeat the general rule of deed construction, that is, that the grantee Burch was an attorney and drew the instrument involved and was well versed in real estate matters and real estate conveyances, has no support in the record and certainly has no support in the testimonial part of the statement of facts. The trial court did definitely find that Vernell Hughes was conveyed, possessed of and owned 33.5 acres of the land, being all of Tract No. 6 by deed of 1941 and further, that Vernell Hughes executed in November of 1942 a timber deed to the said property to the Industrial Lumber and Piling Company. Vernell exercised ownership and dominion over the 33.5 acre tract.

It is obvious that Mobil and Mrs. Burch definitely had privity of estate, title and interest in the oil, gas and other minerals, and indeed, Mobil had a right to use even the surface of the land that was reasonable and necessary to properly develop the leasehold estate. McDonald introduced this crucial lease document into evidence; he is bound thereby.

In *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985), Chief Justice Hill held for the court that there were four elements that were necessary for a review by a writ of error. The four are:

1. the petition must be brought within six months of the date of the judgment; [Mobil Exploration satisfied requirement number one.]

2. by a party to the suit; [or have a privity of estate with a party to the suit—Mobil Exploration satisfied requirement number two.]

3. who did not participate in the trial; and [Mobil Exploration did not participate in the trial. An entire reading of the statement of facts glaringly demonstrates that Mobil Exploration did not participate, thus satisfying requirement number three.]

4. error must be apparent from the face of the record. [Requirement number four is that the error must be apparent on the face of the record, and it certainly is in this case.]

Mobil Exploration filed its petition for writ of error within six months. A writ of error is proper and will issue and lie in the instance of a party to the suit or a litigant whose privity of estate, title or interest appears from the record in the court below. *Wood v. Yarbrough,* 41 Tex. 540 (1874). The opinion in *Wood, supra,* by Justice Moore, was unanimous. The Supreme Court held that Wood, at whose instance the writ of error was issued and in whose name the writ of error was presented, was not a party or a named party to the suit below, nor was Wood a representative of either of the parties to the suit below. But in view of the oil, gas and mineral lease from Vivian C. Burch to Mobil Exploration's predecessor and in view of the fact that the said oil, gas and mineral lease covered the entirety of the 33.5 acre tract of land that was made the subject matter of the lawsuit between W.R. McDonald and Vivian C. Burch and in view of the fact that the said mineral lease was executed by Vivian on January 25th, 1985, and was filed for record in March of 1985, and also in view of the fact that the lease was subsequently pooled with other leases to form the designated unit of Choice Thompson Unit No. 1 by unit designation that was dated June 4, 1985, and recorded in Hardin County June 21, 1985, then it is made clear that Mobil Exploration definitely had a privity of estate, title and interest in the tract in dispute. Thus, Mobil's title and interest was superior to McDonald's as well as Gemilla's.

Further, the public record, and especially the statement of facts glaringly proves that the Appellee had knowledge of all of these instruments and transactions and occurrences.

It is well recognized that the term "privity of estate" has been defined as that sort of a privity that exists between a lessor and a lessee. BLACK'S LAW DICTIONARY 1199 (6th ed. 1990). Here, Mrs. Burch was the lessor and here Mobil Exploration was the lessee. Furthermore, it is clear that Mobil Producing Texas and New Mexico,

Inc., is the same corporate entity as Mobil Exploration & Producing U.S. Inc.

For the reasons set out above, as well as the reasons set out hereinafter, the error complained of was apparent on the face of the record.

I submit that additionally the error was on the face of the record and in the transcript by a reanalysis of the trial court's findings of fact and conclusions of law. These matters are discussed herein.

I submit that the case of *McBride v. Hutson*, 157 Tex. 632, 306 S.W.2d 888 (1957) simply does not govern this case. Again, there is simply no evidence that the grantee, Burch, was "well versed" in real estate conveyances or that he obviously drew the said deed. Simply put, the closing dialogue of McDonald's counsel or closing argument to the court constitutes no evidence and hence, that closing argument cannot be the basis or the grounding of a finding or findings of fact by the bench. A trial court's findings of fact simply must be supported by at least some evidence. There is no evidence here.

The intention of Vernell and Ida Mae was clearly expressed in their deed to Thomas Burch and their intention was to convey all of their interest in and to the land. This intention is further buttressed by the fact that the record clearly indicates that after the deed to Thomas Burch, Vernell and Ida Mae never executed any further deeds, leases, timber deeds or other instruments dealing with any of the 33.5 acres (being Tract No. 6) that was located within the R.B. Irvine Survey. After the date of their deed to Thomas B. Burch, the date being October 2, 1948, Vernell and Ida Mae never exercised any dominion or possession over the 33.5 acre Tract No. 6.

There is no evidence that Vernell paid any taxes on any of this acreage after the deed to Burch. Furthermore, according to the evidentiary record presented to the trial court, when Vernell died on January 1, 1975, he attempted to leave a holographic will. It is true that this holographic will was never formally admitted to probate. However, under the terms of that will, Vernell devised his homestead, or home in

Kountze, Texas, and five acres of land on Highway 105, to his second wife, Gemilla. The holographic will does not refer to any other bequests of real estate except for some royalties only which were a reference to the $\frac{1}{128}$th royalty interest reserved by Vernell and his then wife, Ida Mae, in their October 2, 1948, deed to Thomas B. Burch of the 33.5 acres which was the same tract of land as Tract No. 6 in the partition of the 201 acre tract. The five acre tract on Highway 105 was not a part of Tract No. 6 in the partition. Indeed, the Appellee, himself, testified that the five acre tract on Highway 105 was not a part of the partitioned Tract No. 6. Hence, even the Appellee gives evidence as to the intentions of Vernell and Ida Mae to convey 33.5 acres to Thomas Burch. It is a recognized rule that a call for the quantity of acreage is the least reliable and does not take precedence over the other language in the conveyance.

Appellee placed reliance upon *DSC Finance Corporation v. Moffitt*, 34 Tex.Sup. Ct.J. 69, 1990 WL 160384 (Oct. 24, 1990), but this case is limited to the situation where appeal by writ of error followed a default judgment. This situation should be distinguished from Mobil's appeal by writ of error. Mobil Exploration did not default since Mobil was never given notice of the suit and did not participate in any way in the trial. *Mobil is not in default.* But even in the *DSC Finance Corporation* case, the Texas Supreme Court approved of the concept that review on appeal by writ of error is available for the purpose of providing a party which did not participate at the trial with the opportunity *to rid itself of an essentially unfair or incorrect judgment.* The Supreme Court did write further to say that this remedy by way of writ of error is not available to a party who permits a default judgment to be taken at its own hands and then wants to have another opportunity to have the merits of the case reviewed. Clearly, Mobil did not default. Vivian Burch did not default.

But merely looking at the transcript in the case, which I do not concede is the totality of the review, there is affirmative

error shown in the transcript itself. From the transcript, itself, it is shown that the judgment rendered and signed by the trial court is clearly erroneous and it erroneously deprived Vivian Burch of a portion of her land and even purports to divest Mobil Exploration of its clearly established fee simple determinable interest and title to the mineral estate in 33.5 acres of land by attempting to take away at least 7.5 acres of the land that were included in the oil and gas lease. Furthermore, in *DSC Finance Corporation v. Moffitt, supra,* the Supreme Court definitely spoke and wrote on a situation which involved a default judgment; hence, the case is not controlling here. Nor is it persuasive. *See Robertson v. Blackwell Zinc Company, Inc.,* 390 S.W.2d 472 (Tex.1965). An appeal by writ of error will definitely lie when such appeal follows a trial and the entry of a judgment which adversely affects an unnamed party which received no notice and did not participate in the trial of the case below, but which absent party had a privity of interest and estate with a named party. In such cases, the Supreme Court has clearly and meaningfully held that the writ of error affords a full review to the same scope as an appeal. *See Gunn v. Cavanaugh, supra.* Accordingly, then, TEX.R.APP.P. 50 applies.

The contents of the record then are composed of a transcript and a statement of facts. Exhibits, of course, are included. Clearly, the transcript shall include the court's findings of fact and conclusions of law, and the court's judgment. TEX.R. APP.P. 51. Simply put, it is because such a judgment attempts to purport to bind an unnamed party (who did not participate and had no notice)—hence, under this situation the appellate courts have recognized that an unnamed party, clearly having a privity of estate, title and interest (such as a lessor and lessee) has the right to an appeal by writ of error. And the right to obtain a reversal and/or correction of the judgment is definitely to be considered and is authorized. *See and compare First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d 640 (Tex.App.—Dallas 1987, no writ).

Concerning *DSC Finance Corporation v. Moffitt, supra,* in the Texas Supreme Court, the motion for rehearing has been granted, the application for writ of error has been granted, and the prior opinion has been withdrawn. This information has been received by our Clerk in communication with the Clerk of the Supreme Court. This writer opines that since the tentative prior Supreme Court opinion has been withdrawn, then the Supreme Court has repudiated, or at least disapproved of, its prior opinion.

*The Face of the Record Issue Revisited*

When dealing with this issue, I would submit that the phrase "apparent on the face of the record" has been properly defined, in substance, as an error upon which the very right of the case depends, or such error as being readily seen as lying at the base and foundation of the decree. *See Oar v. Davis,* 105 Tex. 479, 151 S.W. 794 (1912). Error is shown on the face of this record and, indeed, in the transcript because the district court did not follow the proper rules for the construction and interpretation of conveyances and deeds as clearly set forth in *Hancock v. Butler,* 21 Tex. 804 (1858) and *Texas Pacific Coal & Oil Company v. Masterson,* 160 Tex. 548, 334 S.W.2d 436 (1960). Following the correct rules of construction, Thomas B. Burch acquired the entire 33.5 acres under his deed from Vernell and Ida Mae. Mobil Exploration acquired a valid, subsisting, vested leasehold fee simple determinable title in the 33.5 acre tract by virtue of its oil and gas lease from Vivian Burch. The court's findings of fact and conclusions of law are contained in the transcript. The trial court relied on *McBride, supra.* The exception to the universal rules of deed construction and conveyance construction (as set out in *McBride*) necessitates the existence of an attorney-client relationship between Vernell Hughes and Thomas Burch. I submit that there is no evidence in the record to support any such attorney-client relationship. And further, the trial court failed to make such a finding. Hence, there was a misapplication of the correct, well-established rules of deed con-

struction in the judgment below. Nor is the judgment on appeal entitled to a presumption that the same is correct and valid. This presumption of validity is not to be indulged in by us when reviewing and analyzing a writ of error proceeding. *See McKanna v. Edgar,* 388 S.W.2d 927 (Tex. 1965); *Wilson v. Industrial Leasing Corp.,* 689 S.W.2d 496 (Tex.App.—Houston [1st Dist.] 1985, no writ).

Furthermore, it appears on the face of the record and in the transcript cogently and compellingly that the Appellee herein simply failed to comply with TEX.R.CIV.P. 60 and 72. This is glaringly apparent on the face of the record. At the time of intervention Rule 60 mandated the Appellee to notify the opposite parties or their attorneys of record. This notification had to be given within five (5) days after the filing. The notification also had to be in compliance with Rule 72. Basically, Rule 72 required the Appellee to deliver a copy of his intervention and his pleadings to all parties or their attorneys of record. Upon the face of the record, the Appellee failed to comply with Rule 72.

Furthermore, since Mobil Exploration was a necessary and indispensable party to the proceedings below, the trial court was without correct power and jurisdiction in attempting to render and in signing a judgment which purported to divest Mobil Exploration of its fee simple determinable mineral estate and title in 7.5 acres of the subject property. In response to certain interrogatories Vivian C. Burch made answers that clearly set out that the Exploration Company had leased the subject property from her and had been paying her royalties from production. There was and probably is commercial production from the subject property.

In addition, Appellee's first amended petition clearly reflects and actually refers to the Exploration Company's interest in the mineral estate of the subject property. McDonald even alleges in his live pleadings in intervention that the 33.5 acre tract in question is a part of a production unit and that hydrocarbons have been produced from such unit and that proceeds from such hydrocarbons were obtained by Mobil Producing Texas & New Mexico, Inc. McDonald further alleges that some of these proceeds have been deposited in the Registry of the District Court of Hardin County in cause No. 27498 on the docket. McDonald had actual knowledge of all these facts. Furthermore, according to the live pleadings in intervention, McDonald's claim is based on a deed dated August 16, 1985, from Gemilla Hughes. *Gemilla Hughes entered into a Stipulation that Gemilla had no interest in the tract except a royalty interest of* $\frac{1}{256}th$. The Appellee even affirmatively acknowledged that there had been a royalty interest of $\frac{1}{128}th$ reserved by Vernell and Ida Mae. Hence, from these sources—known to Appellee—Exploration's title and claim to a fee simple determinable interest and title to the mineral estate is clearly apparent from the face of the record. And since the Exploration Company was never noticed and never participated, then the learned trial court was without power or jurisdiction to attempt to render a judgment that adversely affected the mineral estate of Mobil Exploration. *See Pirtle v. Gregory,* 629 S.W.2d 919 (Tex. 1982).

Hence, in my opinion, Mobil Exploration's total absence from the proceeding and the failure to give Mobil notice were crucial. Hence, the judgment rendered should be, at the very least, totally vacated and the cause remanded for a new trial. *Allison v. Nat'l U. Fire Ins. Co. of Pittsburgh,* 703 S.W.2d 637 (Tex.1986); TEX.R. APP.P. 81(b).

With respect, the trial judge was not empowered to take judicial notice, if that was done, that Thomas Burch was an attorney in 1948, being some 41 years prior to the date of the findings. Nor could judicial notice have been taken that Burch was well versed in real estate conveyances in 1948. 1948 was more than four decades prior. Nor could judicial notice be taken that there was an attorney-client relationship in 1948, existing between Vernell Hughes and Thomas Burch. On these types of findings, even a judge's personal knowledge is not acceptable and is not appropriate in determining whether such facts may be or

even can be judicially noticed. *See Eagle Trucking Co. v. Texas Bitulithic Co.*, 612 S.W.2d 503 (Tex.1981); *Ex parte Rains*, 555 S.W.2d 478 (Tex.Crim.App.1977).

Some facts may be judicially noticed because of their very broad public notoriety. However, personal knowledge or personal acquaintance does not amount to judicial knowledge and notice. Hence, the trial judge may know a fact in a personal manner, but he cannot take judicial notice of the same and base findings of fact thereon. *Eagle Trucking Co., supra.*

Our highest civil court has also stated that the correct test for taking judicial notice is a test of verifiable certainty. The high court then determined that a trial judge could not judicially notice a fact when there existed no source for the ascertainment of the fact from which that trial judge could refresh his memory or inform his conscience in a clear manner which the judge deems to be highly trustworthy. *Id.*

The Court can and should properly and accurately correct the judgment below. The correction should be that W.R. McDonald take nothing of and from Mobil Exploration & Producing U.S. Inc. The correction should also vacate and set aside in its entirety the district court judgment signed July 17, 1989. The court should appropriately decree that the Ninth Court of Appeals declares that the effect of the deed dated October 2, 1948, from Vernell Hughes and wife, Ida Mae Hughes, to Thomas B. Burch, recorded in Vol. 195, page 340, of the Deed Records of Hardin County was to convey to Thomas B. Burch a full 33.5 acres in the tract of land owned by the grantors (Vernell and Ida Mae), the land being in the R.B. Irvine Survey, A–33, Hardin County, Texas, and being Tract No. 6 partitioned to Vernell Hughes in that certain partition instrument recorded in Volume 325, page 388 of the Deed Records of Hardin County, Texas, the "Partitioned Tract"; and further, that Mobil Exploration & Producing U.S. Inc. is hereby fully quieted in its title to its leasehold estate and in all oil, gas and minerals leased to it from Vivian Burch dated July 25, 1985, and recorded in Volume 810, page 250, in the Deed Records of Hardin County, Texas.

I respectfully submit that under the current situation that the majority of the Court simply cannot rely to any extent on the Supreme Court's opinion in *DSC Finance Corporation v. Moffitt, supra.* That opinion has been totally withdrawn.

I would argue that the position taken by the majority of the Court is a drastic and unwarranted change which deviates from a well-established line of cases that have previously held that the scope of review in an appeal by a writ of error practice is the same or virtually the same as an ordinary appeal. A party litigant has a right to have the case reviewed on appeal by writ of error which should include and does, in fact, include for full consideration a statement of facts and exhibits as well as the transcript. *See and compare Smith v. Smith*, 544 S.W.2d 121 (Tex.1976). In *Smith, supra*, a unanimous Supreme Court wrote through Justice Steakley this:

> The writ of error in our practice is but another mode of appeal. *Smith & Janes v. Gerlach, et al.*, 2 Tex. 424 (1847). See also *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965).

*Gunn v. Cavanaugh, supra*, as I read the opinion, delineates that the scope of an appeal by writ of error is the same as an ordinary appeal. In *Gunn, supra*, the Supreme Court speaking through Mr. Justice Norvell held as follows:

> Writ of error affords a review of the same scope as an appeal. *Ward v. Scarborough*, 236 S.W. 441 (Tex.Comm.App. 1922); . . .

Indeed, this concept has been true and valid since olden times. An early case bore the style of *Smith and Janes v. Gerlach, supra.* In that olden case, it was recognized that the Texas writ of error practice is simply another mode of an appeal. In *Smith and Janes v. Gerlach, supra*, a unanimous Supreme Court (opinion by Justice Wheeler) in 1847 held thus:

> [That the writ of error in our practice is but another mode of appeal, see *Cheek & Collins v. Rogers*, 1 Texas, 440, decided at the last term.]

Again, it must be remembered, this is not a writ of error proceeding taken after a default judgment. But even in a default judgment situation, our Supreme Court has examined the statement of facts in order to arrive at its conclusion that the evidence therein supported the amount of the damages recovered. See *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729 (Tex.1984). In *Morgan, supra,* the defaulting defendant removed the judgment adverse to it by a petition for writ of error. In this 1984 case a unanimous opinion was handed down by the Supreme Court. That opinion clearly sets out and discusses the evidence in the case. The opinion recites that the evidence shows that Morgan had always been in good health prior to returning to her workplace from her vacation. When returning to her workplace she worked with her face about two inches from a typesetting machine which was leaking certain chemical fumes. The Court further wrote and considered the statement of facts which demonstrated that after resuming her employment and very soon after being exposed to the chemical fumes emanating from the typesetting machine, Morgan experienced various health problems. The health problems concerned her breathing and her swelling and the like. After about five days of Morgan's being constantly exposed to the chemical fumes during her working, on-the-job hours, Morgan developed symptoms such as watering of her eyes, blurred vision, headaches, and swelling of the breathing passages. Then the Supreme Court considered and analyzed the evidence established by the sequence of events involved. After considering the evidence, the Court wrote:

> We thus conclude that there is some evidence in the record to support the trial court's award of damages.

I think that the four cases immediately cited above clearly establish the proper scope of review in a writ of error proceeding under the present controlling decisional precedents. Since the majority of the Court fails to acknowledge this rule and the above decisional precedents, I must respectfully dissent. The judgment below should be vacated; then the judgment, un-

der this unique record, should be reformed and rewritten in accordance with this dissent. Mobil Exploration should not be put to additional, needless expense, time and effort to obtain justice and to attain its full rights in the entirety of the said 33.5 acre tract, being Tract No. 6 in the partition. Mobil's leasehold estate in the 33.5 acre tract from Vivian C. Burch above identified should be in all things quieted and settled favorable to Mobil, but adverse and unfavorable to W.R. McDonald.

In the alternative, at the very least, the Court should vacate the judgment below entirely and remand the cause for a new trial on the merits of the case. Since the Court declines to accomplish these matters, I must respectfully dissent.