TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00417-CV






Dimitry Wanda Declaration Trust, Appellant



v.



E. W. Ross, Individually and d/b/a Cash Auto Sales, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 252,902, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 






 Appellee E.W. Ross moves to dismiss the appeal, contending that appellant Dimitry
Wanda Declaration Trust (the "Trust") lacks standing to bring an appeal because it was not a party
to the trial court judgment. We agree that the Trust lacks standing and will grant appellee's motion. 
See Tex. R. App. P. 42.3.

 The trial court rendered final judgment against Greg Daniels in a dispute between
Daniels as the landlord and E.W. Ross as the tenant. The Trust was not a named party to the trial
court cause from which this appeal arises. (1) A person who is not a party to the trial court judgment
has no standing to complain of that judgment. Johnson v. Johnson, 841 S.W.2d 114, 115 (Tex.
App.--Houston [14th Dist.] 1992, no writ); Mobil Exploration & Producing U.S., Inc. v. McDonald,
810 S.W.2d 887, 889 (Tex. App.--Beaumont 1991, writ denied). An exception exists if the person
attempting to appeal is deemed to be a party under the doctrine of virtual representation or is
otherwise bound by the judgment and the privity of estate, title or interest appears from the record
of the cause below. Mobil, 810 S.W.2d at 889 (quoting Smith v. Gerlach, 2 Tex. 424 (1847)); 
Jernigan v. Jernigan, 677 S.W.2d 137, 140 (Tex. App.--Dallas 1984). A privy who will be bound
by the judgment is one so connected in law that the party to the judgment represented the same legal
right. Id. 

 The Trust has not established such privity with Daniels based on the record of the trial
court cause. (2) The record does not establish that the Trust has any interest in the leased property or
any legal relationship with Daniels. The lease is between Daniels and Ross. There is no indication
in the lease that Daniels was acting as an agent for the trust; he is simply denominated "landlord"
and signed the lease as the landlord. Correspondence concerning certain alleged lease violations is
in Daniels's name as landlord. There is only one suggestion that Daniels might not own the property. 
In a sentence dealing with the non-existence of an easement across the property, the judgment says
that no easement was retained by Daniels "or the owner of such property." Even that suggestion
does not link the Trust to the property, however. The judgment binds Daniels and his agents,
servants, employees and attorneys, with no suggestion that Daniels has any relationship with the
Trust.

 We conclude that the Trust has not established standing to bring an appeal from this
judgment. Accordingly, we grant appellee's motion to dismiss. Tex. R. App. P. 42.3.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Dismissed on Appellee's Motion

Filed: December 13, 2001

Do Not Publish
1. Daniels apparently never attempted an appeal. The Trust attempts to bring a restricted appeal. 
Tex. R. App. P. 30. The Trust contends that it owns the leased property in question and so was a
necessary party to the litigation.
2. We offer no opinion whether the Trust could establish privity through an evidentiary bill of
review proceeding. See $29,920 in U.S. Currency v. State, 37 S.W.3d 533, 536 (Tex.
App.--Texarkana 2001, pet. denied) (non-party to judgment allowed to bring bill of review).