# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00417-CV

**Dimitry Wanda Declaration Trust, Appellant**

**v.**

**E. W. Ross, Individually and d/b/a Cash Auto Sales, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 252,902, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

Appellee E.W. Ross moves to dismiss the appeal, contending that appellant Dimitry Wanda Declaration Trust (the "Trust") lacks standing to bring an appeal because it was not a party to the trial court judgment. We agree that the Trust lacks standing and will grant appellee's motion. *See* Tex. R. App. P. 42.3.

The trial court rendered final judgment against Greg Daniels in a dispute between Daniels as the landlord and E.W. Ross as the tenant. The Trust was not a named party to the trial court cause from which this appeal arises.[1] A person who is not a party to the trial court judgment has no standing to complain of that judgment. *Johnson v. Johnson*, 841 S.W.2d 114, 115 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Mobil Exploration & Producing U.S., Inc. v. McDonald*, 810 S.W.2d 887, 889 (Tex. App.—Beaumont 1991, writ denied). An exception exists if the person

---

[1] Daniels apparently never attempted an appeal. The Trust attempts to bring a restricted appeal. Tex. R. App. P. 30. The Trust contends that it owns the leased property in question and so was a necessary party to the litigation.

attempting to appeal is deemed to be a party under the doctrine of virtual representation or is otherwise bound by the judgment and the privity of estate, title or interest appears from the record of the cause below. *Mobil*, 810 S.W.2d at 889 (quoting *Smith v. Gerlach*, 2 Tex. 424 (1847)); *Jernigan v. Jernigan*, 677 S.W.2d 137, 140 (Tex. App.—Dallas 1984). A privy who will be bound by the judgment is one so connected in law that the party to the judgment represented the same legal right. *Id.*

The Trust has not established such privity with Daniels based on the record of the trial court cause.[2] The record does not establish that the Trust has any interest in the leased property or any legal relationship with Daniels. The lease is between Daniels and Ross. There is no indication in the lease that Daniels was acting as an agent for the trust; he is simply denominated "landlord" and signed the lease as the landlord. Correspondence concerning certain alleged lease violations is in Daniels's name as landlord. There is only one suggestion that Daniels might not own the property. In a sentence dealing with the non-existence of an easement across the property, the judgment says that no easement was retained by Daniels "or the owner of such property." Even that suggestion does not link the Trust to the property, however. The judgment binds Daniels and *his* agents, servants, employees and attorneys, with no suggestion that Daniels has any relationship with the Trust.

---

[2] We offer no opinion whether the Trust could establish privity through an evidentiary bill of review proceeding. *See $29,920 in U.S. Currency v. State*, 37 S.W.3d 533, 536 (Tex. App.—Texarkana 2001, pet. denied) (non-party to judgment allowed to bring bill of review).

We conclude that the Trust has not established standing to bring an appeal from this judgment. Accordingly, we grant appellee's motion to dismiss. Tex. R. App. P. 42.3.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Dismissed on Appellee's Motion

Filed:   December 13, 2001

Do Not Publish