**Jerry M. JERNIGAN and Lou Ann Minner, Appellants,**

v.

**Arvel L. JERNIGAN, Individually and as Trustee, and William P. Godwin, Independent Administrator of the Estate of Imogene Godwin, Appellees.**

No. 05–83–01166–CV.

Court of Appeals of Texas, Dallas.

July 31, 1984.

Frank Michael Prince, Robert H. Mow, Jr., Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellees.

Before GUITTARD, C.J., and ALLEN and GUILLOT, JJ.

ALLEN, Justice.

This is a limited appeal from an agreed judgment in a suit against a trustee. Appellants were not parties to the judgment of the trial court but are beneficiaries under three trusts set up by a trust agreement. Appellee Godwin was plaintiff below and appellee Arvel Jernigan, the trustee, was defendant. Appellants complain on appeal of the judgment only insofar as it awards assets belonging to the trusts of which they are beneficiaries as attorney fees to compensate plaintiff's counsel. We agree and, therefore, reverse the judgment in part and render the correct judgment.

This suit was originally brought by Lou Ann Minner and Imogene Godwin, two of three beneficiaries of a trust, against Arvel Jernigan, trustee, and his former wife, Jerry Jernigan, who was also a beneficiary under the trust. The plaintiffs alleged that Arvel committed fraudulent acts and breached his fiduciary duty to the detriment of the beneficiaries and sought damages therefor. Imogene died during the pendency of the suit and her estate was substituted as plaintiff. Lou Ann was dismissed for want of prosecution at her request. Jerry, who in actuality was adverse to defendant trustee, was dismissed by not naming her as a defendant in subsequent amended pleadings.

The trust which was the subject of this lawsuit terminated by its own terms during the pendency of the lawsuit. Prior to the termination of the trust, defendant trustee filed a motion to set aside $10,000 of the trust fund to serve as a fund from which the trustee might be entitled to reimbursement of attorney fees. An order preserving funds on an interim basis was signed, directing the trustee to deposit $10,000 into a passbook savings account. A subsequent order was signed directing the clerk of the court to invest the $10,000 in a time or demand deposit or certificate of a financial institution at the highest rate of interest. It was further ordered that the deposit was deemed to be a trust asset and fund which could not be withdrawn or altered by any party without further order of the court.

The defendant trustee and Godwin, the only remaining plaintiff, subsequently presented and the court signed an agreed judgment which recited certain findings of fact and conclusions of law, most of these dealing with the trustee's management of the trust assets. Relevant to this limited appeal are the following recitals: that plaintiff and trustee requested that the funds which, with interest, then totaled $12,942.40 be disbursed to plaintiff to cover his reasonable attorney fees and expenses in the investigation and prosecution of the case against trustee; that the investigation conducted by plaintiff's counsel served the interest of the beneficiaries, the trustee and the trust itself; that $17,000 would be a reasonable attorney's fee; and that plaintiff has no cause of action. The trial court ordered the certificate of deposit to be released to plaintiff's counsel as compensation for reasonable and necessary attorney's fees.

Appellants do not attack the findings of fact or conclusions of law. We, therefore, must accept all findings of fact as conclusively established. *Aldrich v. State*, 658 S.W.2d 323, 327 (Tex.App.—Tyler 1983, no writ).

*Standing*

Appellees moved to dismiss this appeal for want of jurisdiction because appellants were not parties to the judgment below and are, therefore, strangers to the lawsuit with no right to appeal. Appellees also contend that appellants were not necessary parties or that if they were, they waived their right to complain by their voluntary dismissal and failure to object in the trial court. Appellees also assert, however, that appellants are bound by the judgment. Appellants contend that, regardless of whether they were necessary parties, they are

entitled to appeal that portion of the judgment directly affecting their interest. Appellants urge that they did not waive their right to complain by their dismissal from the lawsuit, voluntary or otherwise, because there were no pleadings alleging plaintiff's right to recover attorney fees from the corpus of the trust.

Generally, appeal is available only to parties of record. The right to appeal has also been recognized in certain circumstances where the appellants were deemed to be parties under the doctrine of virtual representation or were otherwise bound by the judgment and where their privity of estate, title or interest appeared from the record of the cause below. *See, e.g., Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965); *Smith & Janes v. Gerlach and Levenhagen*, 2 Tex. 424 (1847); *California and Hawaiian Sugar Co. v. Bunge Corp.*, 593 S.W.2d 739 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Grohn v. Marquardt*, 487 S.W.2d 214 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.). Here, the court set aside funds from which the trustee's attorney fees could be paid. According to the trust document, the remainder of the funds held by the trustee were to be distributed to the three beneficiaries, including appellants. The trial court's judgment deprived each of the appellants of her one-third interest in this fund. Although not named in the judgment, appellants are clearly bound by it. The funds have been placed out of appellants' control by the court and they have no other remedy. Because appellants' interest in the assets of the trust is undisputed and reflected in the record and because it is undisputed that they are bound by the judgment, we hold that they are entitled to appeal despite the fact that they were not parties to the judgment.

### Waiver

We do not agree that appellants waived their right to complain of the disbursement of funds to plaintiff's attorney. Our record contains only plaintiff's fourth and fifth amended pleadings. It appears that Jerry, a nominal defendant, was dismissed by plaintiff's failure to name her as a defendant in the fourth amended petition. Lou Ann, a party plaintiff to the fourth amended petition, was voluntarily nonsuited prior to the filing to the fifth amended petition. Neither the fourth nor the fifth amended pleadings contain a request for payment of plaintiff's attorney fees from trust funds. Instead, it is alleged in both pleadings that defendant trustee is causing the trust to pay his attorney fees and other legal expenses and plaintiff prayed for recovery of such fees and expenses paid out of the trust. Even given the liberal interpretation to be afforded pleadings, this language cannot be construed as a request for plaintiff's attorney fees. It cannot be said that appellants waived their right to complain when there are no pleadings requesting that plaintiff's attorney fees be paid. Nor can it be said that this was raised by the trustee's motion to set aside funds which was filed when both appellants were apparently still parties to the lawsuit. The trustee moved that the money be set aside as a fund from which defendant trustee could be reimbursed for *his* attorney fees.

### Disbursement of Funds to Plaintiff's Attorney

Appellants contend that the fund set aside by the court could only be expended as provided in the trust document and that the disbursement was not in compliance with the provisions of the trust. Appellants also contend that the relief granted was not supported by the pleadings. These contentions raise the question whether one of several beneficiaries of a trust can sue the trustee for fraud and mismanagement of the trust and then compromise the lawsuit by agreeing to accept the entire remainder of the trust assets as an award to pay his attorney fees when this result is not supported by the pleadings or authorized by the terms of the trust document. We conclude that he can not.

Rule 301 of the Texas Rules of Civil Procedure provides that the judgment of the court shall conform to the pleadings. While there is authority that an agreed or

negotiated judgment is not required to be supported by the pleadings, *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83 (1941), it is not applicable to persons who have not agreed. In *Mullins* the record in the court of appeals did not reflect any plea in intervention or other pleadings to support the relief granted to and against intervenor. In that case, however, the intervenor appeared in open court with the other parties to announce the agreement and he was a party to the agreed judgment and the underlying contract of settlement. Here the other beneficiaries whose interests were affected did not consent to the judgment, nor did they have any notice that their funds were in jeopardy of being paid out to another beneficiary's attorney. Under these circumstances the trial court could not grant the relief which had not been requested.

 Furthermore, there is no statutory authority for the award of fees to the attorney for one of the beneficiaries. Generally, attorney's fees are not recoverable in an action in tort or a suit upon a contract unless provided by statute or by contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.,* 414 S.W.2d 914 (Tex.1967). Appellees argue that attorney fees were authorized under TEX.REV.CIV.STAT.ANN. art. 7425b–24(A), Texas Trust Act, ch. 148, § 24, 1943 Tex.Gen.Laws 238, *repealed by* Act of June 19, 1983, ch. 576, § 6, 1983 Tex.Gen.Laws 3729. Article 7425b–24(A) provided:

A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, responsibilities, duties, and liability of trustees; the existence or non-existence of facts affecting the administration of the trust estate; to require accounting by trustee; and to surcharge trustee.

We do not agree that this language can be construed to authorize the recovery of attorney fees by the plaintiff beneficiary from trust funds in a suit against the trustee. In *Van Hoose v. Moore,* 441 S.W.2d 597 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.) the trustee brought suit to construe the will and codicil creating a testamentary trust. In upholding the trial court's denial of the claims and request for attorney fees by the unsuccessful adverse claimants to the assets of the estate, the court stated there was no provision in the Texas Trust Act or other statute authorizing the recovery of attorney's fees in such a case. *Van Hoose,* 441 S.W.2d at 619.

 We also agree that the court lacked authority to disburse the funds in such a manner. In the order granting the motion to set aside attorney fees, it is decreed that the deposit is deemed to be a trust asset and fund, not to be altered without further order of the court. The trust had terminated prior to the signing of this order. The funds held in the registry of the court should have, therefore, been disbursed according to the provisions regarding termination of the trust. The trust document provides that, in the absence of prior expenditure of trust funds in accordance with the trust provisions, the remaining income and corpus is to be distributed among the beneficiaries at termination. The trust document in issue cannot be construed to authorize recovery of attorney fees by plaintiff against the trust. The trust document only authorized the recovery of attorney fees from the trust corpus by the trustee. Under the terms of the trust, the fund could have only been divided equally among the beneficiaries.

A court can not apply funds for a purpose different from that for which it was deposited. *Sanders v. Britton,* 45 S.W. 209, 210 (Tex.Civ.App.1898), *rev'd on other grounds on rehearing,* 47 S.W. 550 (Tex. Civ.App.1898). In *Scroggins v. Roper,* 548 S.W.2d 779 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.), the Scroggins sued Roper, seeking to oust her of possession of real property which they had purchased from Tarrant. Roper answered and cross-claimed against Tarrant, her alleged lessor, for attorney fees to enforce the lease. Roper then deposited all monthly rental payments into the registry of the court. Tarrant asserted no claim to the funds,

conceding that such rentals belonged to the Scroggins. A judgment for attorney fees was rendered against only Tarrant (as the Scroggins were not parties to Roper's cross-action) to be paid out of the rental funds which had been paid into the registry of the court. The court of appeals sustained the Scroggins' contention that since the money belonged to them, the trial court was without authority to disburse the funds to pay another's attorney fees. *Scroggins*, 548 S.W.2d at 783.

Similarly, here, the trial court erroneously divested the appellants of their interest in the funds deposited in the registry of the court by approving the agreement between the plaintiff and the trustee. Of course, a beneficiary could make an agreement such as was entered into between the plaintiff with the trustee but only with regard to that beneficiary's one-third interest. The trial court's approval of plaintiff's agreement with the trustee was, in effect, an award of the entire remainder of the trust corpus to one beneficiary which was improper.

We hold that the trial court erroneously authorized the plaintiff beneficiary to recover more than the one-third interest she was entitled to under the trust. Appellee Godwin, plaintiff below, consented to the judgment and does not complain on appeal of the disbursement of this one-third interest. Accordingly, we reverse the judgment insofar as it disposes of each appellant's one-third interest in the funds and render judgment that the trial court disburse the funds deposited into the registry of the court and interest accrued thereon by payment in equal shares: one-third to each of the appellants and one-third to plaintiff's attorney.