Newton SCHWARTZ, et al., Appellants,

v.

Bernard TAHENY, Appellee.

No. B14–92–00332–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1993.

Rehearing Denied March 4, 1993.

Barry S. Berger, Houston, for appellants.

Richard A. Schwartz, Robert B. Keaty, Stanley J. Krist, Houston, for appellee.

Motion for Rehearing Granted. Opinion of September 17, 1992 withdrawn. Substituted opinion filed.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a final judgment in favor of the plaintiff, Bernard Taheny. Schwartz, (Appellant), was Taheny's prior attorney who intervened in Taheny's personal injury suit. Appellant claims that a final judgment was entered which disposed of his intervention without a trial on the merits. We agree, and reverse and remand the case to district court for further proceedings.

Taheny was injured in a maritime accident in Louisiana. He hired Appellant to represent him on June 28, 1990. Trial was set for July 15, 1991. Taheny fired Appellant on June 1, 1991, and Appellant intervened on June 3, 1991, for attorney's fees. The intervention was supposed to have been severed, and heard only in the event Taheny recovered on his claim. The case went to trial and a jury found in favor of Taheny for his injuries. A final judgment was entered awarding actual damages to Bernard Taheny. The judgment ordered that "all other relief pertaining to this action and/or requested by the parties that is not expressly granted herein is denied." The judgment made no specific mention of the intervention claim, and there is no evidence that the merits of Appellant's claim was ever heard by the Court. Appellant maintains that this "mother hubbard clause," denying all relief not expressly granted, disposed of his intervention claim in violation of his rights to due process.

A judgment which provides that "all relief not expressly granted is hereby denied," disposes of all parties and issues in a case; it is a final judgment. *Schlipf v. Exxon Corp.*, 644 S.W.2d 453 (Tex.1982). An intervenor is bound by a final judgment unless he has been dismissed, severed, or he has withdrawn. *Ray v. Chisum*, 260 S.W.2d 118, 124 (Tex.Civ.App.—Texarkana 1953, writ ref'd, n.r.e.). Therefore, appellant is bound by this final judgment *if* he is an intervenor, and *if* he has not been severed or dismissed or has not withdrawn from the case.

Appellant filed a petition for intervention on June 3, 1991. "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex.R.Civ.P. 60 Intervention is a matter of right. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex.1990). The Court may strike the intervention only upon the motion of a party. *Id.* The record contains no motions of opposition to appellant's intervention. Therefore, we find that appellant did intervene in Taheny's suit.

There is no order of severance or docket entry that the Court severed the

intervention. This indicates that Appellant's claim was never severed, and that he would be precluded, by the recitation in the judgment, from pursuing the intervention. Since Appellant has not supplied this Court with a statement of facts, we would normally presume that the trial court ruled on the intervention, and correctly denied the claim. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990). However, by their briefs and in their oral arguments, both parties have advised this Court that the intervention claim was severed. The parties and the Court agreed to a severance because in the event the jury found for the defendant, a hearing on the intervention would have been moot. Appellee concedes that the trial court never had a hearing on the intervention.

We find that the trial court erred in entering a final judgment that disposed of the intervention claim without first hearing that claim. Accordingly, we reverse the judgment as it pertains to the "mother hubbard clause," and remand it to the trial court for a trial on the merits of the intervention claim.