**William H. BENSON, Jr. and James A. Cozby, Appellants**

v.

**Orin ANDERSON and Southern General Insurance Co., Appellees.**

**No. C14–94–00054–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 23, 1995.

Rehearing Overruled April 20, 1995.

Brian Davis, Joanne Vorpahl, Houston, for appellants.

Jim Wiginton, Andrew McKinney, IV, Evelyn Ailts, Houston, for appellees.

Before MURPHY, YATES and FOWLER, JJ.

## OPINION

MURPHY, Justice.

This appeal arises from a decision by the trial court to strike appellants as intervenors in a cause of action between the two appellees. Appellants bring nine points of error, challenging the trial court's decision to strike their intervention, the trial court's refusal to file findings of facts and conclusions of law, and seven evidentiary findings which form the basis of the judgment. We affirm.

Appellants and appellee Orin Anderson ("Anderson") were co-owners of an airplane which was insured by appellee Southern General Insurance Company ("Southern General"). After the plane was destroyed in a crash, Southern General issued a draft made payable to appellants, Anderson, and the loss payee, Provident Savings Bank, to cover the loss of the plane's hull. Because of a dispute among the co-owners, the check was never endorsed, and the loss payee and co-owners remained unpaid. To facilitate payment, appellants requested that Southern General issue two separate checks, one draft payable to the Bank, and the other draft payable to appellants only and not Anderson. Southern General agreed to issue the two checks, but required appellants to execute a hold harmless and indemnity agreement in favor of Southern General should Anderson ever file suit against Southern General.

Anderson learned of the omission of his name from the second draft after the fact, through correspondence from Southern General. He subsequently sued Southern General for breach of contract, bad faith, and violations of the Deceptive Trade and Practices Act and the Insurance Code. Before trial, Anderson moved for summary judgment, or in the alternative, partial summary judgment. The trial court granted partial sum-

mary judgment in his favor on the breach of contract claim.

Soon thereafter, the trial court granted Southern General leave to file a third party action against appellants based on the indemnity agreement. A few days before trial, appellants sought a continuance, so Anderson moved to have the indemnity claim severed into a separate cause of action. The trial court severed the indemnity claim [1], and subsequently denied appellants' request for reconsideration on the severance.

Appellants then filed a Plea in Intervention and Intervenors' Original Answer and a Motion for Summary Judgment in appellees' insurance suit. Two days later, appellants filed in the same suit an Intervenors' Amended Original Answer consisting of a general denial and nine affirmative defenses against appellees. Anderson moved to strike appellants as intervenors from the insurance suit. At the hearing on Anderson's motion to strike the intervention, appellants withdrew their motion for summary judgment. The trial court granted Anderson's motion and struck appellants from the insurance suit. After a bench trial in the insurance suit, the trial court rendered judgment for Anderson against Southern General.

In their first point of error, appellants allege that the trial court erroneously granted Anderson's motion to strike appellants' intervention from the insurance suit. "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX.R.CIV.P. 60; *Schwartz v. Taheny*, 846 S.W.2d 621, 622 (Tex.App.—Houston [14th Dist.] 1993, writ denied). A party has the right to intervene if it could have brought the same action or any part thereof in its own name, or if the action would have been brought against it, it would be able to defeat recovery or some part thereof. *Guaranty Federal v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). Although the trial court has broad discretion in determining whether an intervention should be stricken, the court abuses its discretion in striking the plea when (1)

---

1. Hereinafter, the severed cause of action shall be called the indemnity claim. The original suit between Anderson and Southern General shall be called the insurance suit.

the intervenor meets the above test; (2) the intervention will not complicate the case by an excessive multiplication of the issues; and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Id.*

Under the facts alleged in appellants' Plea in Intervention and Original Answer, and in their Intervenors' First Amended Original Answer, appellants raise several affirmative defenses, including a limitations defense, that likely would have defeated Anderson's cause of action against Southern General. However, the intervention would undoubtedly complicate the case by an excessive multiplication of the issues. At the time appellants intervened, the trial court had already severed Southern General's indemnity claim against appellants. Although appellants claimed at the hearing on the motion to strike the intervention that their intervention raised different issues than the indemnity claim, their plea and amended original answer reveal otherwise. Among the affirmative defenses raised by appellants, four are directed solely against Southern General and concern the indemnity claim. The effect of permitting appellants to intervene and defend the indemnity claim prior to the trial on the severed cause of action would be to duplicate the issues before the court.

Appellants also fail to show that their intervention was essential to protect their interest in the insurance suit because Southern General raised the very same affirmative defenses before the trial court as appellants previously raised in their Motion for Summary Judgment. Nevertheless, appellants contend that the manner in which Southern General conducted its defense in the insurance suit suggests that appellees had entered into a friendly judgment. *See Metromedia Long Distance, Inc. v. Hughes,* 810 S.W.2d 494 (Tex.App.—San Antonio 1991, writ denied). However, unlike the appellant in *Metromedia,* appellants present no proof of a friendly judgment except that Southern General engaged in limited discovery and that the bench trial was very brief. Appellants fail to show that the trial court abused its discretion in striking appellants' intervention. Appellants' first point of error is overruled.

■ In their second point of error, appellants contend that the trial court erred in refusing to file findings of fact and conclusions of law upon their proper request. The Texas Rules of Civil Procedure allow any party to a bench trial to ask the trial court "to state in writing its findings of fact and conclusions of law." Tex.R.Civ.P. 296. Appellants made a timely and proper request to the trial court for findings of fact and conclusions of law, but the court denied their request with the notation "no standing."

■ Appellants contend that they are a party to the lawsuit under the doctrine of virtual representation because their alleged relationship as indemnitor to Southern General binds them as a privy to the judgment in appellees' insurance suit. *See Mobil Exploration & Prod. U.S., Inc. v. McDonald,* 810 S.W.2d 887, 889 (Tex.App.—Beaumont 1991, writ denied). The doctrine of virtual representation is one means by which a person, who is not a party of record in a particular case, may perfect an appeal. *Id.* In order to demonstrate standing as a party under the doctrine of virtual representation, the potential appellant must show that it *is bound* as a privy to the judgment. *Id.* (emphasis added). "A privy is one so connected in law with a party to the judgment as to have such an identity of interests that the party to the judgment represented the same legal right." *Id.* at 890. If an indemnitor is bound by a judgment against the indemnitee, an indemnitor has standing as a party under the doctrine of virtual representation for purposes of appealing the judgment against the indemnitee, subject to certain exceptions. *American Physicians Insurance Exchange v. Cardenas,* 717 S.W.2d 707, 708 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.) (citing Restatement (Second) of Judgments § 57 (1982)).

■ In this case, the doctrine of virtual representation does not provide appellants with standing as a party to appeal the judgment of the lower court or with standing to request findings of fact and conclusions of law. Appellants have failed to establish an indemnity relationship or any other relationship that would bind them as a privy to the

judgment in the insurance suit. In fact, in their first Amended Original Answer, appellants generally deny the indemnity relationship and set out four affirmative defenses against Southern General. Furthermore, the trial court severed the indemnity claim into a separate cause of action and properly struck appellants' intervention in appellee's insurance suit. An intervenor who has been severed from a case is not bound by the final judgment in that case. *Taheny*, 846 S.W.2d at 622. Because appellants are not a party to appellees' underlying suit, appellants have no standing to request findings of fact and conclusions of law under Rule 296. Appellants' second point of error is overruled.

In their remaining points of error, appellants challenge seven evidentiary findings which form the basis of the judgment in the insurance suit. In effect, appellants offer a direct appeal for Southern General. Having found that appellants are not a party to appellees' insurance suit, we hold that appellants lack standing to challenge the judgment of the trial court. We overrule points of error three through nine.

The judgment of the court below is affirmed.