IN RE J.D.G.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-194-CV

IN THE INTEREST OF 

J.D.G., A CHILD 

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from an order appointing J.D.G.’s paternal grandparents joint managing conservators of J.D.G.  J.D.G.’s maternal grandmother, who was not a party to the trial court proceedings, has filed this appeal, contesting the trial court’s order for various reasons.  On our own motion, we dismiss the appeal for want of jurisdiction.
(footnote: 2) 

On June 18, 2002, we sent appellant's counsel a letter indicating our concern that we did not have jurisdiction over the case because appellant was not a party at trial and directing appellant’s counsel to submit a response stating grounds for continuing the appeal. 
 See
 
Tex. R. App. P.
 42.3(a), 44.3.  Appellant’s counsel did not file a response.
  However, because we determined that it was possible the appeal fit within one of the exceptions to the general rule that only parties may appeal, we subsequently informed the parties that the court was of the “tentative opinion” that it had jurisdiction and permitted the parties to brief the merits of the case.  Upon submission of the case, we reconsidered the jurisdictional issue and determined that we do not have jurisdiction over this appeal.

Generally, appeal is available only to parties of record.  
Continental Cas. Co. v. Huizar, 
740 S.W.2d 429, 430 (Tex. 1987)
; Jernigan v. Jernigan
, 677 S.W.2d 137, 140 (Tex. App.—Dallas 1984, no writ).  The right to appeal has also been recognized in certain circumstances where the appellants were deemed to be parties under the doctrine of virtual representation or were otherwise bound by the judgment and where their privity of estate, title, or interest appeared from the record of the cause below.  
Jernigan
, 
677 S.W.2d at 140.  To claim virtual representation, an appellant must show that:  (1) it is bound by the judgment;  (2) its privity of estate, title, or interest appears from the record;  and (3) there is an identity of interest between the appellant and a party to the judgment.  
See Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n
, 1 S.W.3d 108, 110 (Tex. 1999).

Here, J.D.G.’s mother and father did not participate at trial; the only participants were her paternal grandparents.  Appellant has not shown any privity of interest with any parties to the trial court proceedings, nor any identity of interest with any of the parties.  As a grandparent, her interests are different from J.D.G.’s parents.  And because she is challenging the order naming the paternal grandparents joint managing conservators, her interests are clearly adverse to them as well.  Accordingly, appellant has not shown that any exceptions to the general standing rule apply in this case.  

In addition, appellant was not a necessary party to the trial court proceedings.  The family code provides that in a suit affecting the parent-child relationship, the following persons are entitled to be served:

(1) a managing conservator;

(2) a possessory conservator;

(3) a person having possession of or access to the child under an order;

(4) a person required by law or by order to provide for the support of the child;

(5) a guardian of the person of the child;

(6) a guardian of the estate of the child;

(7) each parent as to whom the parent-child relationship has not been terminated or process has not been waived under Chapter 161;

(8) an alleged father, unless there is attached to the petition an affidavit of waiver of interest in a child executed by the alleged father as provided by Chapter 161 or unless the petitioner has complied with the provisions of Section 161.002(b)(2) or (b)(3);

(9) a man who has filed a notice of intent to claim paternity as provided by Chapter 160;

(10) the Department of Protective and Regulatory Services, if the petition requests that the department be appointed as managing conservator of the child;  and

(11) the Title IV-D agency, if the petition requests the termination of the parent-child relationship and support rights have been assigned to the Title IV-D agency under Chapter 231.

Tex. Fam. Code Ann. 
§ 102.009(a) (Vernon 2002).

Citation may also be served on any other person who has or who may assert an interest in the child.  
Id
. § 102.009(b).  Section 102.009(b) does not require service, however; it merely allows voluntary service by the plaintiff or at the court’s discretion.  
Tex. Dep’t of Protective & Regulatory Servs. v. Sherry
, 46 S.W.3d 857, 861 (Tex. 2001); 
see also
 
Rogers v. Lowry
, 546 S.W.2d 881, 883 (Tex. Civ. App.—Houston [1
st
 Dist.] 1977, orig. proceeding).  Thus, appellant was not entitled to service under the family code.

Because appellant was not a party to the trial court proceedings and no exception to the general standing rule applies in this case, we dismiss the appeal for want of jurisdiction.  
See Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 443 (Tex. 1993) (holding that standing is implicit in the concept of subject matter jurisdiction).

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAY, J.

DELIVERED:  May 8, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Jurisdiction can be raised at any point in the proceedings by either the parties or the court sua sponte.  
Tex. Dep’t of Transp. v. City of Sunset Valley
, 92 S.W.3d 540, 547 (Tex. App.—Austin 2002, no pet. h.).