COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-194-CV
 
IN THE INTEREST OF
 
J.D.G., A CHILD
------------
FROM THE 78
TH DISTRICT COURT OF WICHITA
COUNTY
------------
MEMORANDUM OPINION(1)
------------
This is an appeal from an order appointing
J.D.G.'s paternal grandparents joint managing conservators of J.D.G. J.D.G.'s
maternal grandmother, who was not a party to the trial court proceedings, has
filed this appeal, contesting the trial court's order for various reasons. On
our own motion, we dismiss the appeal for want of jurisdiction.(2)
On June 18, 2002, we sent appellant's
counsel a letter indicating our concern that we did not have jurisdiction over
the case because appellant was not a party at trial and directing appellant's
counsel to submit a response stating grounds for continuing the appeal. See
Tex. R. App. P. 42.3(a), 44.3. Appellant's counsel did not file a response.
However, because we determined that it was possible the appeal fit within one of
the exceptions to the general rule that only parties may appeal, we subsequently
informed the parties that the court was of the "tentative opinion"
that it had jurisdiction and permitted the parties to brief the merits of the
case. Upon submission of the case, we reconsidered the jurisdictional issue and
determined that we do not have jurisdiction over this appeal.
Generally, appeal is available only to
parties of record. Continental Cas. Co. v. Huizar, 740 S.W.2d 429, 430
(Tex. 1987); Jernigan v. Jernigan, 677 S.W.2d 137, 140 (Tex.
App.--Dallas 1984, no writ). The right to appeal has also been recognized in
certain circumstances where the appellants were deemed to be parties under the
doctrine of virtual representation or were otherwise bound by the judgment and
where their privity of estate, title, or interest appeared from the record of
the cause below. Jernigan, 677 S.W.2d at 140. To claim virtual
representation, an appellant must show that: (1) it is bound by the judgment;
(2) its privity of estate, title, or interest appears from the record; and (3)
there is an identity of interest between the appellant and a party to the
judgment. See Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n,
1 S.W.3d 108, 110 (Tex. 1999).
Here, J.D.G.'s mother and father did not
participate at trial; the only participants were her paternal grandparents.
Appellant has not shown any privity of interest with any parties to the trial
court proceedings, nor any identity of interest with any of the parties. As a
grandparent, her interests are different from J.D.G.'s parents. And because she
is challenging the order naming the paternal grandparents joint managing
conservators, her interests are clearly adverse to them as well. Accordingly,
appellant has not shown that any exceptions to the general standing rule apply
in this case.
In addition, appellant was not a necessary
party to the trial court proceedings. The family code provides that in a suit
affecting the parent-child relationship, the following persons are entitled to
be served:

 (1) a managing conservator;
 (2) a possessory conservator;
 (3) a person having possession of or
 access to the child under an order;
 (4) a person required by law or by order
 to provide for the support of the child;
 (5) a guardian of the person of the
 child;
 (6) a guardian of the estate of the
 child;
 (7) each parent as to whom the
 parent-child relationship has not been terminated or process has not been
 waived under Chapter 161;
 (8) an alleged father, unless there is
 attached to the petition an affidavit of waiver of interest in a child
 executed by the alleged father as provided by Chapter 161 or unless the
 petitioner has complied with the provisions of Section 161.002(b)(2) or
 (b)(3);
 (9) a man who has filed a notice of
 intent to claim paternity as provided by Chapter 160;
 (10) the Department of Protective and
 Regulatory Services, if the petition requests that the department be appointed
 as managing conservator of the child; and
 (11) the Title IV-D agency, if the
 petition requests the termination of the parent-child relationship and support
 rights have been assigned to the Title IV-D agency under Chapter 231.

Tex. Fam. Code Ann. § 102.009(a) (Vernon
2002).
Citation may also be served on any other
person who has or who may assert an interest in the child. Id. §
102.009(b). Section 102.009(b) does not require service, however; it merely
allows voluntary service by the plaintiff or at the court's discretion. Tex.
Dep't of Protective & Regulatory Servs. v. Sherry, 46 S.W.3d 857, 861
(Tex. 2001); see also Rogers v. Lowry, 546 S.W.2d 881, 883
(Tex. Civ. App.--Houston [1st Dist.] 1977, orig. proceeding). Thus,
appellant was not entitled to service under the family code.
Because appellant was not a party to the
trial court proceedings and no exception to the general standing rule applies in
this case, we dismiss the appeal for want of jurisdiction. See Tex. Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993) (holding that
standing is implicit in the concept of subject matter jurisdiction).
 
                                                       
   PER CURIAM
 
PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and
DAY, J.
 
DELIVERED: May 8, 2003

1. See Tex. R. App. P. 47.4.
2. Jurisdiction can be raised at any point in the
proceedings by either the parties or the court sua sponte. Tex. Dep't of
Transp. v. City of Sunset Valley, 92 S.W.3d 540, 547 (Tex. App.--Austin
2002, no pet. h.).