MEMORANDUM OPINION



No. 04-06-00899-CV



Vance Owen d/b/a OWEN & ASSOC., and


CGT LAW GROUP INTERNATIONAL, L.L.P.,

Appellants



v.



Noe DE LOS SANTOS, SR., Individually, et al.,


Appellees



From the 49th Judicial District Court, Zapata County, Texas


Trial Court No. 5847


Honorable Manuel R. Flores, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Karen Angelini, Justice

 Rebecca Simmons, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: March 19, 2008 


DISMISSED FOR LACK OF JURISDICTION

 Appellants, Vance Owen d/b/a Owen and Associates ("Owen"), and CGT Law Group
International, L.L.P. ("CGT"), file this appeal seeking to vacate the findings of fact and conclusions
of law, unseal the trial court proceedings and judgment, and vacate that part of the sealed judgment,
if any, that adjudicates their interests. We dismiss the appeal for lack of jurisdiction.


 Factual and Procedural Background


 On or about June 23, 2004, a fire occurred at the home of Daniel Mercado ("Mercado") in
Zapata County, Texas. Several members of the Silva and De Los Santos families were injured in the
fire, while still others lost their lives. The law firm of Gonzalez & Associates represented the
plaintiffs and filed suit against various defendants, including Mr. Mercado, Ashley Furniture
Industries, Inc., and Fred's Fine Furniture, Inc.

 On November 29, 2006, the case settled and a hearing was held. The record reflects that Doug
Gwyther, an attorney with CGT, and Bill Owen, an attorney with Owen & Associates, were present
at the hearing for the purpose of "auditing the proceedings" since there was a separate case pending
in Nueces County "over disputes relating to certain claims and certain attorney fee interests in this
case." Both Gwyther and Owen stated that they had not intervened in the suit and were not otherwise
parties; moreover, neither Gwyther nor Owen had been served with notice of the hearing which was
for the express purpose of entering the settlement agreement. Nevertheless, at Gonzalez's request, the
trial court entered findings of fact and conclusions of law which purported to adjudicate CGT's and
Owen's contractual rights to the contested attorneys' fees. The trial court also barred Gwyther and
Owen from attending any further proceedings in the case and sealed the records of a subsequent
hearing, along with the final judgment.

 CGT and Owen appeal, raising the following issues: 1) the trial court abused its discretion in
entering findings of fact and conclusions of law as to CGT and Owen who were not parties to the suit;
2) the trial court abused its discretion in sealing the proceedings related to the entry of the final
judgment and the final judgment itself; and 3) the trial court erred in entering a judgment against CGT
and Owen who were not parties to the suit.

 We have reviewed the sealed documents which consist of Volume II of the Reporter's Record
and the final judgment, along with supporting documents. No mention of either CGT or Owen is
found throughout any of these sealed documents. More specifically, neither CGT nor Owen are parties
to the final judgment. Accordingly, before we are able to reach the merits of CGT's and Owen's
issues, we must first determine whether parties who have had findings of fact and conclusions of law
entered against them have standing to appeal when the judgment does not name them and does not
otherwise affect those parties' rights.

 Standing


 It is well settled that a person who is not a party to the trial court judgment has no standing
to complain of that judgment. See e.g., In re J.A., 225 S.W.3d 7, 11 (Tex. App.--El Paso 2005, pet.
denied) (holding that without standing, a person may not complain of a judgment to which he was not
a party and which imposes no obligation upon him); Stroud v. Stroud, 733 S.W.2d 619, 620-21 (Tex.
App.--Dallas 1987, no writ) (finding that parties who are strangers to a judgment have no right to
seek review on appeal); Jernigan v. Jernigan, 677 S.W.2d 137, 140 (Tex. App.--Dallas 1984, no
writ) (right to seek review on appeal is limited to those whose rights are concluded by judgment in
question). Further, an appellate court has no jurisdiction over an appeal by an appellant who lacks
standing. See In re M.C.R., 55 S.W.3d 104, 106-07 (Tex. App.--San Antonio 2001, no pet.). 

 An exception to the general rule that a nonparty to a judgment does not have standing to
appeal exists provided the person seeking to appeal is found to be a party pursuant to the doctrine of
virtual representation or is otherwise bound by the judgment, and the privity of estate, title or interest
is apparent from the record of the cause below. Mobil Exploration & Producing U.S., Inc. v.
McDonald, 810 S.W.2d 887, 889 (Tex. App.--Beaumont 1991, writ denied); Jernigan, 677 S.W.2d
at 140. To demonstrate standing as a party under the doctrine of virtual representation, the person
attempting to appeal must show that he is bound as a privy to the judgment. Benson v. Anderson, 899
S.W.2d 272, 275 (Tex. App.--Houston [14th Dist.]1995, writ denied). "A privy is one so connected
in law with a party to the judgment as to have such an identity of interests that the party to the
judgment represented the same legal right." Id. (quoting McDonald, 810 S.W.2d at 890); see Am.
Physicians Ins. Exch. v. Cardenas, 717 S.W.2d 707, 708 (Tex. App.--San Antonio 1986, writ ref'd
n.r.e.) (an indemnitor bound by a judgment against the indemnitee has standing as a party under the
doctrine of virtual representation for purposes of appealing the judgment against the indemnitee,
subject to certain exceptions).

 Discussion


 Here, CGT and Owen were not parties to the suit and are not parties to the judgment. 
Nevertheless, the trial court entered no fewer than thirteen findings of fact and conclusions of law
which purport to affect their interests. The question then is whether these findings of fact and
conclusions of law are sufficient to somehow establish an exception under the doctrine of virtual
representation or otherwise demonstrate that CGT and Owen are bound by the judgment. McDonald,
810 S.W.2d at 889. 

 We find no authority that expressly provides that findings of fact and conclusions of law as
to persons who are not parties to either the suit or the trial court judgment are sufficient to establish
an exception under the doctrine of virtual representation, thereby establishing an exception to the
general rule that a person who is not a party to the trial court judgment has no standing to complain
of that judgment. Id. However, in a case decided by this court over sixty years ago, this court
questioned the entry of findings of fact and conclusions of law that purported to bind a nonparty to
a suit. Texas & N. O. R. Co. v. H. Rouw Co., 271 S.W.2d 666, 671 (Tex. Civ. App.--San Antonio
1954, writ dism'd). Indeed, in H. Rouw Co., this court stated, 

 [w]e are at a loss to know how the court could make a judgment that would bind [the
nonparty] as against [the plaintiff] when [the nonparty] is not a party to the suit.
Whether [the nonparty] will sue and recover against [the plaintiffs] was not before the
court, and the court could write no judgment in this case denying [the nonparty its]
rights should [the nonparty] seek to assert them. Those findings and conclusions, so
far as the rights of [the nonparty] are concerned, are suppositions.


 Id. 

 In this case, CGT and Owen were not parties to this suit or to any judgment; additionally, the
findings of fact and conclusions of law, standing alone, are "suppositions" that can not bind CGT or
Owen to any judgment in this case. Benson, 899 S.W.2d at 275; H. Rouw Co., 271 S.W.2d at 671.
Accordingly, CGT and Owen have no standing to seek appellate review of such judgment. In re J.A.,
225 S.W.3d at 11; Stroud, 733 S.W.2d at 620-21; Jernigan, 677 S.W.2d at 140. Appellants' issues
are denied.

 On December 28, 2007, appellees, Noe De Los Santos, Sr., Individually, et al., filed a Motion
to Dismiss Appeal, arguing that: 1) the appeal was moot because a related suit had been nonsuited;
or alternatively, 2) CGT and Owen lacked standing since they were not attorneys. Because we
dismiss on other grounds, appellees' Motion to Dismiss Appeal is MOOT. 

Conclusion


 As CGT and Owen lack standing, we dismiss the appeal for lack of jurisdiction.


 Karen Angelini, Justice