**Affirmed and Memorandum Opinion filed April 17, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-10-00636-CV

---

### LAW OFFICES OF YUEN & ASSOCIATES, Appellant,

### V.

### HARTMAN REIT OPERATING PARTNERSHIP D/B/A WESTCHASE SHOPPING CENTER OF HARRIS COUNTY, TEXAS, Appellee.

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-67004**

---

## MEMORANDUM OPINION

This is an appeal from a law firm's unsuccessful attempt to intervene and collect its attorneys' fees directly from the losing party instead of its former clients, who prevailed below. We affirm.

The Law Offices of Yuen & Associates represented the plaintiffs in the principal suit against appellee Hartman Reit Operating Partnership. The plaintiffs prevailed at trial

and the jury awarded them $86,190 in attorneys' fees. After the verdict but before the trial court rendered final judgment, the plaintiffs replaced Yuen with a new law firm. Yuen filed a provisional plea in intervention, alleging that their former clients had failed to pay for Yuen's legal services and seeking recovery of the court-awarded attorneys' fees. The plaintiffs moved to strike Yuen's intervention. The trial court granted that motion, and this appeal followed. Yuen's former clients are not parties to this appeal.

The Texas Rules of Civil Procedure authorize intervention: "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60. The trial court has broad discretion in determining whether to strike an intervention. *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 247 (Tex. App.—Houston [14th Dist.] 2011, no pet.). After a party files a motion to strike, the burden shifts to the intervenor to show a justiciable interest in the lawsuit. *Id.* The interest an intervenor asserts may be legal or equitable in nature. *Id.* A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation. *Id.*

Under Rule 60, a person or entity has the right to intervene if the intervenor could have brought the same action, or any part thereof, in his own name or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof. *Id.* (citing *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)). Even if a party has a justiciable interest, however, the trial court still has broad discretion in deciding whether to strike the intervention. *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). A trial court abuses its discretion only when (1) the intervenor meets the above test, (2) the intervention will not complicate the case by an excessive multiplication of the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990).

Citing settled law, Yuen recites the proposition that a plea in intervention in the principal suit is an appropriate vehicle by which a discharged attorney may recover fees

for services rendered *See Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ); *Schwartz v. Taheny*, 846 S.W.2d 621, 622 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *Russell v. Dunn Equip., Inc.*, 712 S.W.2d 542, 547–50 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). It is true that intervention is an appropriate vehicle by which the law firm may recover its fees, but our inquiry does not end there. A trial court abuses its discretion in striking an intervention only when three elements are concurrently present: (1) an intervenor's justiciable interest, (2) that will not excessively complicate the case, and (3) would be difficult to protect outside the intervention. *See Guniganti*, 346 S.W.3d at 247. Without examining the first two elements, we conclude that the third element is not present here. The *Guniganti* court held that to satisfy the third element, the intervention must be "almost essential" to protect the intervenor's interest. *Id.* That cannot be said of Yuen's intervention.

The law firm as much as admits this in its brief. Its relevant argument, in its entirety, is two sentences long: "[Yuen's former clients] already owe[] Yuen past-due attorneys fees. Yuen should not have to pursue lengthy, expensive and uncertain collection efforts when its interest can simply be protected by making them party to this lawsuit." A trial court does not abuse its discretion in striking an intervention merely because the result is inconvenient for the intervenor. *See id.* Indeed, Hartman alleges in its brief—and Yuen does not dispute—that Yuen has already filed a separate suit against its former clients, seeking the very same attorney's fees at issue here.

\* \* \*

For the foregoing reasons, we affirm the trial court's judgment.

/s/      Jeffrey V. Brown
         Justice


Panel consists of Justices Brown, Boyce, and McCally.

3