**Affirmed and Memorandum Opinion filed August 27, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00988-CV

## T.C.M.A. TRUCKING, INC., Appellant

## V.

## MARIO CISNEROS AND FELIX A. AUZ, Appellees

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-18908**

# M E M O R A N D U M   O P I N I O N

The sole issue in this appeal is whether the trial court abused its discretion in striking the appellant's petition in intervention. Finding no abuse of discretion, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Mario Cisneros filed suit against appellee/defendant Felix A. Auz asserting a breach-of-contract claim based on a written agreement signed.

by Cisneros and Auz. The contract contains the following language: "Felix A. Auz agrees to pay the full amount of $167,000 by May 31, 2010 to Mario Cisneros." Auz asserted various defenses and alleged that he had signed the contract only in his capacity as president of appellant/intervenor T.C.M.A. Trucking, Inc. (hereinafter the "Company"). Auz asserted that the Company is the only party that might be obligated to pay any amount under the contract and that the Company already had paid in full any amounts that might be owed. According to Auz, he was not a party to the contract and had no liability under it. Cisneros took the position that Auz was a party to the contract in his individual capacity and that the Company was not a party. Therefore, Cisneros did not assert any claims against the Company. Auz asserted counterclaims against Cisneros alleging breach of contract, fraud, malicious prosecution, defamation, and violation of Texas Civil Practice and Remedies Code section 12.002.[1]

More than thirteen months after Cisneros filed suit and after the trial court had granted an interlocutory summary judgment in Cisneros's favor on his breach-of-contract claim, the Company filed a petition in intervention, asserting claims against Cisneros for breach of contract, malicious prosecution, and violation of Texas Civil Practice and Remedies Code section 12.002. The claims asserted by the Company were substantially the same as Auz's counterclaims for breach of contract, malicious prosecution, and violation of Texas Civil Practice and Remedies Code section 12.002. The Company asserted in its intervention petition that the debt Cisneros sought to recover is related to business transactions between the Company and Cisneros. According to the Company, Cisneros has the right to bring a future claim against the Company for this debt, and if Cisneros had sued

---

[1] Before the trial court rendered a final judgment, Auz added a counterclaim for intentional infliction of emotional distress, but he did so after the trial court struck the Company's petition in intervention.

2

the Company, the Company would have been able to obtain a take-nothing judgment against Cisneros and assert counterclaims.  In its pleading, the Company asserted that the issues, claims, and defenses it was raising were the same as the correlative issues, claims, and defenses already raised by Auz.

On Cisneros's motion, the trial court signed an order striking the Company's petition in intervention.  The order merged into the trial court's final judgment against Auz, and the Company timely appealed, challenging the trial court's intervention ruling.[2]

## II.  ISSUE AND ANALYSIS

In its sole appellate issue, the Company asserts that the trial court abused its discretion in striking the petition in intervention.  Texas Rule of Civil Procedure 60, which governs intervention in civil litigation, provides that "[a]ny party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party . . ."  Tex. R. Civ. P. 60.  Under Rule 60, a person or entity has the right to intervene if the intervenor could have brought the same action, or any part thereof, in the intervenor's own name, or, if the action had been brought against the intervenor, the intervenor would be able to defeat recovery, or some part thereof.  *Guaranty Federal Sav. Bank v. Horseshoe Operating Co.*, 793 S.W. 652, 657 (Tex. 1990).  The trial court has broad discretion in determining whether an intervention should be stricken; nonetheless, a trial court abuses its discretion in striking an intervention if (1) the intervenor satisfies the above-stated test; (2) the intervention will not complicate the case by an excessive multiplication of the issues, and (3) the intervention is almost essential to

---

[2] Auz appealed the trial court's final judgment, and that appeal is pending in a separate case in this court, *Auz v. Cisneros*, Cause No. 14-13-00989-CV.

3

effectively protect the intervenor's interest.

The Company filed its petition in intervention more than a year after its president, Auz, answered the lawsuit in response to Cisneros's claims against Auz in his individual capacity. When the Company intervened, the trial court already had granted an interlocutory summary judgment against Auz on Cisneros's breach-of-contract claim. The issues, claims, and defenses the Company raised were based on substantially similar allegations as the correlative issues, claims, and defenses Auz raised. According to the Company, because of this overlap, there was no excessive multiplication of the issues. But, timing can be a crucial consideration.

When the Company intervened, the trial court already had resolved by summary judgment some of these issues and defenses as to Auz. In addition, even if the issues, claims, and defenses are substantially similar, the analysis of the issues, claims, and defenses may not be the same with respect to the Company and Auz. And, even if the analysis were very similar, there still would be a multiplication of issues. *See Benson v. Anderson*, 899 S.W.2d 272, 274–75 (Tex. App.—Houston [14th Dist.] 1995, writ denied). It is apparent from the record that the Company's intervention would have complicated the case by an excessive multiplication of the issues. We conclude that the trial court did not abuse its discretion by striking the Company's petition in intervention. *See id*.

We overrule the Company's sole issue and affirm the trial court's order striking the petition in intervention.


/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.